# Commonwealth *v.* Moller, Appellant.

*Automobiles—Violation of speed law—Summary conviction—Justice of the peace—Act of April 27, 1909, P. L. 265.*

1. A summary conviction before a justice of the peace of a violation of the Motor Vehicle Act of April 27, 1909, P. L. 265, will not be sustained where the information charges that the defendant at a borough named "had unlawfully operated and run a motor vehicle recklessly, and at a greater rate of speed than one mile in five minutes," and the record of the justice merely states that the defendant was "convicted of violating the act of assembly regulating the running and the speed of motor vehicles on the streets of the borough."

2. In such a case the information and the record of the justice are wholly insufficient because they do not show in what way the defendant acted recklessly, nor that the rate of speed was in excess of twenty-four miles an hour, nor that the borough had put up any danger sign limiting the speed to twelve miles an hour, nor that the street upon which the defendant drove was in a dangerous or congested condition.

Argued March 11, 1912.   Appeal, No. 25, March T., 1912, by defendant, from order of Q. S. Mifflin Co., Oct. Sessions, No. 15, affirming summary conviction in case of Commonwealth v. William Moller.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Reversed.

Appeal from summary conviction.   Before WOODS, P. J.

The information before the justice of the peace was as follows:

Before me, the subscriber, a justice of the peace in and for said county, personally came J. M. Foltz, chief burgess of Lewistown, Pa., who upon oath administered according to law, deposes and says that at Lewistown borough in the county of Mifflin on May 10, 1911, the said William Moller did unlawfully operate and run a motor vehicle recklessly and at a greater rate of speed than one mile in five minutes contrary to the act of assembly in such cases made and provided.   Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant, William Moller, may be arrested

and held to answer this charge of violating the act of assembly regulating the speed of motor vehicles and further deponent saith not.

Record of proceeding before the justice was as follows:

Charge: Violating the act of assembly regulating the speed of automobiles. Warrant issued to L. Saxton, constable, May 15, 1911, on oath of J. M. Foltz, chief burgess of Lewistown.

And now, May 15, 1911, defendant arrested and brought to office, and after a full hearing is convicted of violating the act of assembly regulating the running and the speed of motor vehicles on the streets of the borough of Lewistown, Pa., and I do adjudge him to forfeit and pay a fine in the sum of $10.00 and costs.

Now, May 17, at 2.30 o'clock P. M., defendant's attorney, F. W. Culbertson, appears and demands that the defendant have the right of a trial by jury and enters a bond in the sum of $100 conditioned for the payment of the fine and costs that may be imposed on the defendant by the court.

*Error assigned* was order sustaining the conviction.

*F. W. Culbertson*, of *Culbertson & Culbertson*, for appellant.—The evidence given upon the trial can only support the original charge and can by no means extend or supply what is wanting in the complaint: Com. v. Gelbert, 170 Pa. 426; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Borden, 61 Pa. 272; Com. v. King, 2 Kulp, 386; Com. v. Richer, 13 W. N. C. 142; Nash v. Com., 2 C. P. Repr. 239; Com. v. Uhl, 10 Kulp, 483.

A finding must be of the act charged in the information: Com. v. Mgr. of House of Correction, 10 Pa. Dist. Rep. 371; Laverty v. Com., 4 Pa. C. C. Rep. 137; Com. v. Nesbit, 34 Pa. 398.

*William W. Uttley*, for appellee.—Mere irregularities cannot be taken advantage of on an appeal from the

judgment of a justice of the peace. The remedy in such cases is by certiorari: Spencer v. Bloom, 149 Pa. 106.

The judgment of the court of quarter sessions in the case at bar includes all the substantial and jurisdictional facts necessary to constitute the offense: New Castle v. Cummings, 36 Pa. Superior Ct. 443.

The court below had no authority to grant the motion of counsel to discharge the defendant because of alleged irregularities in the information and record, because the proceeding was not before him according to the common law. To have made it such it must have originated on certiorari and not on appeal: Ruhlman v. Com., 5 Binn. 24; Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Price, 45 Pa. Superior Ct. 643; Com. v. Layton, 45 Pa. Superior Ct. 582.

OPINION BY HEAD, J., July 18, 1912:

From the record before us the following facts appear: On May 13, 1911, an information, supported by affidavit, was lodged before a justice of the peace charging that the defendant, at Lewistown, Pa., "had unlawfully operated and run a motor-vehicle recklessly and at a greater rate of speed than one mile in five minutes, contrary to the act of assembly in such cases made and provided." A warrant issued on May 15, and on the same day the defendant was arrested and brought to the magistrate's office, "and after a full hearing is convicted of violating the act of assembly regulating the running and the speed of motor-vehicles on the streets of the borough of Lewistown, and I do adjudge him to forfeit and pay a fine in the sum of ten dollars and all costs." Two days later, on May 17, the defendant, by his counsel, appeared and demanded that the defendant have the right of trial by jury and entered a bond with security. On October 28, the defendant filed in the court of quarter sessions a petition reciting the facts, and prayed the court to allow him a trial by jury, as provided by the act of April 27,

1909, or, if, in the opinion of the court, the defendant had been fully heard in the summary proceeding before the magistrate, then to allow an appeal to the court of quarter sessions.  On October 30 the following order was made: "Appeal allowed to be heard before the court."  To this order no objection was offered and the hearing followed.  After hearing the witnesses and denying several motions for the discharge of the defendant, the court made the following decree: "And now, November 7, 1911, the proceedings before the justice, and the summary conviction of the defendant, and the imposition of the fine of $10.00 and costs made by the justice in the summary conviction, are hereby affirmed, &c."  With said decree, the learned judge below filed an opinion discussing in a general way the provisions of the act of 1909 and the duties imposed thereby upon those who drive automobiles in the public streets of a borough.  From the judgment and decree above quoted this appeal is taken.

Looking first at the proceeding in the quarter sessions alone, as it is above outlined, it is apparent that the learned judge below found no facts from the evidence and convicted the defendant of no specific act which is a violation of the statute under which the proceedings were begun.  The judgment entered indicates that the learned judge felt himself to be, not determining the guilt or innocence of the defendant upon facts found by himself from the testimony adduced before him, but exercising the supervisory powers of a court in reviewing the proceeding of an inferior tribunal: "The proceedings before the justice and the summary conviction of the defendant . . . . are hereby affirmed."

Unless then the situation, from the standpoint of the commonwealth, can be saved by the action of the magistrate, the defendant cannot be punished on the ground that the court of quarter sessions duly ascertained a violation by him of the provisions of a penal statute and convicted him thereof.  Turning then to the record of the magistrate, we direct our attention first to the information,

the material part of which we have quoted. The act of 1909 imposes a variety of obligations upon persons owning and driving automobiles on the streets of a borough or city or the highways of the commonwealth. In the legislative mind these prohibited acts differ in importance because they are punished by fines differing in amount. In a general way authority is given to the local magistrates to dispose of alleged violations of the statute by summary proceedings. On the subject of the speed at which motor vehicles may lawfully be driven, the statute declares generally that it shall not exceed the rate of twenty-four miles per hour, or one mile in two and one-half minutes. Local authorities are specifically authorized. "In dangerous, congested or built-up portions, to place signs marked 'Danger: run slow,' and at these places the speed limit shall not exceed the rate of a mile in five minutes." The act further contains a general provision that at all times and in all places the driver of such a car shall be subject to the general obligation to operate his car with due and reasonable care under all existing circumstances. Now there is nothing in the information to disclose the fact that the local authorities of the borough of Lewistown had availed themselves of the statutory right to first warn those operating automobiles of the dangerous or congested condition of their streets and thereafter require them to operate at a rate of speed not exceeding a mile in five minutes. Consequently the information discloses nothing to indicate that a rate of speed exceeding a mile in five minutes would be unlawful because it does not assert the conditions, upon the existence of which alone such a rate would be unlawful.

There is no intimation of a charge that the speed exceeded twenty miles an hour, which, under ordinary conditions, would, at least prima facie, be presumed to be lawful. There is no averment of the existence of any of the conditions mentioned by the statute as indicative of the circumstances under which the usual rate of speed allowed should be cut down, to wit, the width of the street or

road, the traffic, the use to which it was subjected, and the consequent danger to property, life or limb, if the speed generally authorized were under such special conditions to be used. In a word, as we construe the information, it charges no specific violation of any provision of the act of 1909. But it may be said that the information, using the same word used in the statute, declares that the defendant operated his car recklessly. Construing that word in the information in the light plainly reflected on it by the entire context, it is clear to us that the substantive charge was that the defendant operated his car at a greater rate of speed than one mile in five minutes. That explanatory language as to the fact charged being taken away, there would remain in the information no charge of doing anything, except as the speed of the car may have been in excess of what in the affiant's mind was the standard of reasonable care. When we turn to the same word in the statute, we find a clear enough expression of what was in the legislative mind in the use of that term: "No person shall operate a motor-vehicle on the public highways of this state recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway," etc. Recklessly, in the language of the statute, means negligently, in the absence of care under the circumstances, or, in other words, with such speed as would be reasonable and proper, having due regard to the existing circumstances or conditions, to wit, the width of the street, the traffic thereon, etc.

Pursuing the record of the magistrate one step further, we observe that he does not convict the defendant of the offense charged in the information, which would be a good record if the information charged an offense. Nor does he find him guilty of doing any specific act or thing set forth in the record. He simply convicts him of violating an act of assembly which described many different offenses followed by as many different penalties. It appears to us therefore that the information which is the

foundation of the whole proceeding charges no offense and that the record of the magistrate shows no conviction of any offense. Upon a writ of certiorari that judgment should have been reversed.

We have already seen that, regarding the proceeding in the quarter sessions merely as an appeal, the record there discloses no foundation for further holding the defendant because the learned judge convicted him of nothing. Regarding the proceeding in the court below as a certiorari to determine whether the judgment of the magistrate should be affirmed or reversed, we think the judgment cannot be sustained for the reasons indicated. If authority be needed in support of these principles, it it may be found in Com. v. Borden, 61 Pa. 272; Com. v. Davison, 11 Pa. Superior Ct. 130; and Com. v. Gelbert, 170 Pa. 426. The general attitude of the appellate courts towards summary proceedings may be gathered from the following language taken from the opinion of Mr. Justice McCOLLUM in the case last cited, some of it being in turn approved quotations from the most eminent of early authorities: "But if a complaint in writing is resorted to, being the substratum of the magistrate's jurisdiction, and in the nature of an indictment, it should contain a complete statement of the offense; for the evidence given upon the trial can only support the original charge, and can by no means extend or supply what is wanting in the complaint. The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt. . . . It is claimed by the commonwealth's counsel that this view of the subject is purely technical, but we cannot so regard it. The defect complained of is substantial and jurisdictional. A like defect in an indictment is ground for arresting judgment upon it, and it seems reasonable that such a defect in the complaint which is the basis of a summary proceeding should vitiate the latter. In Pennsylvania none of the common-law or statutory essentials of a summary conviction have been

yielded, and they seem 'to be as necessary to bound' arbitrary power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown:' Com. v. Borden, 61 Pa. 272."

The judgments of the magistrate and of the court of quarter sessions are reversed and set aside.