## Commonwealth *v.* Miller and Burke, Appellants.

*Criminal law—Aggravated assault and battery—Information—Sufficiency.*

The fact that the information does not contain as full and specific a statement as the indictment, furnishes no ground for quashing the latter. If the essential elements of the offense be set forth in the terms of common parlance, the information will be held sufficient.

It is not required that an information be skillfully drawn, and justice might be delayed and sometimes entirely defeated, if the same skill were required in regard to the information as to the indictment. An information, which informed the defendant, in common every day language, that he was charged with criminal acts constituting the offenses formally set forth in the indictment, is sufficient.

*Criminal law—Verdict—Moulding of verdict.*

Where a jury returned a written verdict as follows: "We find William A. Miller guilty of shooting Forrest E. Whitsel wilfully" and the court directed the jury to revise their verdict, whereupon they returned the following: "We find William A. Miller, defendant, guilty on all five counts of the bill of the indictment," the court did not in any sense direct the verdict. The court had the right to see that the conclusion arrived at by the jurors was properly expressed.

Argued October 4, 1921.   Appeal, No. 5, March T., 1922, by defendants, from judgment of Q. S. Juniata Co., Sept. Sessions, 1920, No. 15, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William A. Miller and Arthur J. Burke.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for aggravated assault and battery. Before BARNETT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned,* among others, were refusal to quash the indictment because there was a variance between the several counts of the indictment and the information, and the action of the court in moulding the verdict as rendered by the jury.

*J. Howard Neely,* for appellants.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., November 21, 1921:

The information in this case charged that the appellant, Miller, and his codefendant, Burke, whose appeal is not pressed, "made an assault upon your affiant and shot at your affiant with their revolvers a number of times, one of which shots hit your affiant in his left hip and inflicted a serious wound, and said Burke then and there struck your affiant on the head with his fist, and said William Miller and Burke did then and there otherwise mistreat and abuse your affiant." Beyond question this information is sufficient to sustain a count for assault and battery and sentence on that count would in any event be imposed.

The appellant contends that the information does not afford a basis for the charges of aggravated assault and battery, or wantonly pointing and discharging firearms, and shooting with intent to maim and disable; that the crime of aggravated assault and battery must be committed unlawfully and maliciously; the pointing of a pistol must be wantonly done, and the shooting with intent to maim and disable must, of course, have the

intent. That since the intent is not set out in the information, the Commonwealth was therefore confined to a charge of assault and battery. A motion to quash these several counts of the indictment was made and overruled, and the action of the court in so doing, is assigned for error. It is not required that an information be skillfully drawn, and justice might be delayed or sometimes entirely defeated, if the same skill were required in regard to the information as to the indictment. There is no doubt that the defendant upon scrutinizing the information before us knew what the unlawful act was with which he was charged, and was sufficiently informed that he might be put on trial for the crimes charged in the indictment. The fact that the information does not contain as full and specific statement as the indictment, furnishes no ground for quashing the latter: Com. v. Carson, 166 Pa. 179. Our court held in Com. v. Robertson, 47 Pa. Superior Ct. 472, "if the essential elements of the offense be set forth in the terms of common parlance the information will be held sufficient." The language employed in that case may be repeated here. "The information in the present case informed this defendant in common every day language, that he was charged with criminal acts constituting the offences formally set forth in the indictment." Committing magistrates are not usually learned in the law, and all that should be required of them, is a plain statement of the charge laid. The putting of it in legal phraseology thereafter becomes the duty of the district attorney. The defendant is said to have shot at the prosecutor with a revolver a number of times, and finally hit him in the hip and inflicted a grievous wound. There is inherent in this statement the idea of intent to do wrong and to inflict injury. As the lower court said, "It would seem certain that an attack resulting in a bullet wound in the hip—a serious wound—would constitute an aggravated assault and battery; that the complaint that the defendants shot with revolvers at the

prosecutor a number of times would instantly suggest a count for wantonly pointing and discharging a firearm; and that a competent district attorney would not fail to aver that the shooting was done, in the language of the statute, with intent to maim, disfigure and disable."

The only other matter brought to our attention is the moulding of the verdict by the lower court.  The verdict as returned by the jury as it applied to the appellant was, "We find William A. Miller guilty of shooting Forrest E. Whitsel wilfully."  The court directed the jury to revise their verdict.  They then returned: "We find William A. Miller, defendant, guilty on all five counts of the bill of the indictment."  The court did not in any sense direct the verdict.  The court had the right to see that the conclusion arrived at by the jurors was properly expressed.  This was in accordance with the authorities among which are Com. v. Bobanic, 62 Pa. Superior Ct. 40; Com. v. Huston, 46 Pa. Superior Ct. 172, 220; Com. v. Flaherty, 25 Pa. Superior Ct. 490.  The colloquy between the court and the jury although referred to by the court in its opinion, is not properly before us, and does not appear in the stenographer's notes.  In the record as presented there is nothing that would warrant us in saying that the verdict rendered was not the free and uninfluenced result of the jurors' deliberations.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.