Commonwealth, Appellant, v. Brady.

Argued March 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John C. Powers,* District Attorney, for appellant.
No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., April 15, 1931:

The Commonwealth. brings this appeal from an order of the court of quarter sessions of Lawrence County granting defendant's motion to quash an indictment averring that he, "with the intent......to cheat and defraud the Central Acceptance Corporation out of their moneys, goods, chattels and property, did......falsely pretend and represent to the said Central Acceptance Corporation that he possessed a certain Oldsmobile coupe which was the property of one Pete Robertson, executed a bailment lease as owner thereof to one Kenneth J. Lutz, then in consideration of the receipt of the sum of $285 from the Central Acceptance Corporation, did assign all his interest in said bailment lease to the said Central Acceptance Corporation, representing that he was the owner of the said automobile when it was leased to the said Lutz, that he had title to the same,......all of which pretenses and representations made by the said Samuel D. Brady were......wholly false and were known by the said Samuel D. Brady to be false and untrue, and the said Central Acceptance Corporation......was induced by reason of the false pretenses and representations so made as aforesaid to deliver, and did then and there deliver to the said Samuel D. Brady $285 and other goods, chattels and property of the said Central Acceptance Corporation, and the said Samuel D. Brady did......fraudulently receive and obtain the said money......and

property......by means of the false pretenses aforesaid.'' Manifestly the indictment was drawn under the 111th Section of the Act of March 31, 1860, P. L. 410, which provides that, ''If any person shall, by false pretense......obtain from any other person, any chattel, money or valuable security, with intent to cheat and defraud any person of the same, every such offender shall be guilty of a misdemeanor.'' In order to bring the case within this statute the following things alone are requisite: (1) a false pretense; (2) an obtaining property by it; (3) an intent to defraud; and the correct way to determine whether any particular case falls within it is, not to consider each of these things separately, but to look at them altogether: Com. v. Schmuck, 22 Pa. Superior Ct. 348. The pretenses must be specifically set forth: Com. v. Frey, 50 Pa. 245. But the particularity demanded is only ''certainty to a certain intent in general'' or that which, upon a fair and reasonable construction, may be called certain: Com. v. White, 24 Pa. Superior Ct. 178.

The court below was of opinion that the indictment was defective because it contained the contradictory averments that the defendant represented that the automobile was the property of Robertson, and that the defendant Brady owned it. In so concluding, we are of opinion the court was in error. While parts of the indictment might have been framed with greater precision, a reading of the whole indictment has convinced us that it did not aver that the defendant represented that the automobile was the property of Robertson but merely averred the fact that the automobile was the property of Robertson and definitely charged the defendant with pretending falsely that he owned the car, and with securing the sum of $285 from the Central Acceptance Corporation by means of that false pretense, with intent to defraud it. We think that the indictment charges an offense under the 111th Section

of the Penal Code with the requisite certainty, so that the defendant had fair notice of what he was called on to answer. This is all that is necessary.

The order quashing the indictment is reversed, the indictment is reinstated and a procedendo is awarded.