## Commonwealth v. Randle

*Karl E. Richards*, district attorney, and *Walter R. Sohn*, for Commonwealth. *Homer L. Kreider*, for defendant.

WICKERSHAM, J., February 13, 1934.—This is a motion to quash an indictment charging the defendant with obtaining property by false and fraudulent representation, in violation of section 111 of the Criminal Code of March 31, 1860, P. L. 382, as amended by the Act of April 30, 1925, P. L. 386.

The indictment charges that the defendant "unlawfully did falsely and designedly pretend to said Parrish & Company that she had on deposit to her credit and subject to her order with Dauphin Deposit Trust Company, of Harrisburg, Pa., the sum of $18,000, and the said Parrish & Company relying upon said false and fraudulent representation received from the said Mrs. Helen Randle her order to purchase for her and in her name . . . [certain shares of stock] and executed said order and purchased the said several shares of stock to the amount or value or cost of $11,025 for the said Mrs. Helen Randle, whereas, in truth and in fact the said Mrs. Helen Randle, did not have on deposit and subject to her order with the said Dauphin Deposit Trust Company, of Harrisburg, Pa., the sum of $18,000, and the said Mrs. Helen Randle . . . did then and there unlawfully obtain from the said Parrish & Company chattels, monies and valuable securities of the value of $3,913."

No objection is made to the indictment, which it is conceded is in proper form. The contention of counsel for the defendant is that it is not supported by the "information", which it is claimed does not allege an indictable offense. We think this contention is not well founded. The information alleges, inter alia,, "that within the last past 2 weeks, to wit: on July 15 and July 18, 1933, . . . one Mrs. Helen Randle, by false and fraudulent representation made to deponent that she had on deposit in Dauphin Deposit Trust Company, Harrisburg, Pa., $18,000 in money, subject to her order, did secure and order Parrish & Company, brokers, to purchase for her and in her name, . . . [certain shares of stock] to the amount or value of $11,025, and did fail to pay for same, she, the said Mrs. Helen Randle, so making such false and fraudulent representations with intent to cheat and defraud Parrish & Company, and did cheat and defraud . Parrish & Company of $3,913, by her failure to pay for said stock. . . ."

We think the information supports the indictment. It will be noted that it alleged "false and fraudulent representations". We must assume that meant that she did not have $18,000 in money subject to her order in Dauphin Deposit Trust Company. It further alleges that, by her failing to pay for the stock so ordered and by so making said false and fraudulent representations with intent to cheat and defraud, Parrish & Company were defrauded out of $3,913.

It is not required that an information be skillfully drawn, and justice might be delayed and sometimes entirely defeated if the same skill were required in regard to the information as to the indictment; an information which informs the defendant in common everyday language that he is charged with criminal acts constituting the offenses formally set forth in the indictment is sufficient: Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469. The fact that the information upon which an indictment is based does not contain as full and specific a statement of the offense as the indictment furnishes no ground for quashing the indictment: Commonwealth v. Carson et al., 166 Pa. 179. While a person arrested for crime can be held before a justice of the peace only for the offense charged in the information and warrant, the grand jury may indict him for any offense warranted by the evidence before it: Commonwealth v. Weber, 67 Pa. Superior Ct. 497. It is not necessary that an information should charge the crime with the same detail and technical accuracy as is required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, the information will be held sufficient: Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Gouger, 21 Pa. Superior Ct. 217; Commonwealth v. Glancy et al., 9 D. & C. 721; Commonwealth v. Randler (No. 1), 35 Lanc. 82; Commonwealth v. Randler (No. 2), 35 Lanc. 83; Commonwealth v. Ely, 29 Dist. R. 765; Commonwealth v. Brady, 101 Pa. Superior Ct. 336.

We are clearly of opinion, therefore, that the information alleges an indictable offense, and that the indictment founded thereon should not be quashed. We find no fatal variance between the information and the indictment.

We cannot sustain the second reason given for quashing the indictment. It is contended that, from the facts agreed upon, because the stock in question remained in the hands of Parrish & Company, the defendant never had actual possession of it. This reason is founded upon a mistaken conclusion respecting the relationship existing between the defendant and Parrish & Company. It is alleged that, as she never obtained the stock, therefore the offense is not complete; but it must not be forgotten that Parrish & Company were the agents of the defendant; they purchased the stock for her; it was delivered to them as the agent of the defendant and we think their possession of the stock was also

530

the possession of the defendant. If she had had $18,000 in bank and had paid for the stock it would have been delivered to her. She did not have the $18,000 in bank, as the record shows, and therefore the stock was not delivered to her. We are of opinion, therefore, that this contention is not sound and cannot be sustained.

For the reasons above stated, we are of opinion that the contentions of counsel for the defendant are not based upon sound reasoning and authority, and cannot be sustained.

And now, February 7, 1934, it is ordered, adjudged, and decreed that the motion to quash the indictment cannot be sustained and is therefore overruled.