## Commonwealth v. Huth

*Robert M. Morris,* district attorney, for Commonwealth.

*McGill & McGill* and *L. G. Brosius,* for defendant.

LONG, P. J., October 15, 1936.—This case comes before the court on a motion to quash the information made by the State highway prosecutor in the above stated case, wherein defendant complains:

1. That the information does not charge any offense known to the law.

2. That the information is fatally defective in that it does not specify or state any facts.

3. That the information is fatally defective in that it does not state in what manner or how defendant drove his automobile.

4. That the information is fatally defective in that it does not state whether or not defendant was on the left side of the highway, and whether or not he was overtaking and passing another vehicle, or whether or not the left side was clearly visible and free of oncoming traffic.

Whereupon, a rule to show cause was granted, and the Commonwealth denied the right to quash for the reasons averred.

The transcript of the justice of the peace shows that on August 17, 1936, an information was made, signed by prosecutor and lodged with the justice of the peace, charg-

ing that defendant, at Eldred Township, Jefferson County, on August 9, 1936, did "unlawfully operate a motor vehicle, to-wit, a Chevrolet Coupe bearing 1936 Pennsylvania Registration Number V4870 upon a public highway in violation of section 1008, sub-section A of Act 403, as amended by Act 263, P. L. 1931, which provided as follows, 'The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety,' contrary to the form of the Act of the General Assembly," etc.

Whereupon, a registered letter containing notice prescribed by the act of assembly was, on August 17, 1936, sent to defendant, commanding him to appear within a period of 10 days; said letter was received, and on August 24, 1936, defendant entered an appearance, waived hearing and gave bail for his appearance to the court of quarter sessions.

No complaint has been made as to the regularity of these proceedings beyond the alleged lack of facts contained in the information. The question is: Does the information set forth the essential elements of the offense in terms of common parlance? If so, it will be held sufficient. It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment: Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Brady, 101 Pa. Superior Ct. 336; Commonwealth v. Haines, 55 Pa. Superior Ct. 359. It is not necessary that an information contain a full and specific statement of the offense: Commonwealth v. Carson et al., 166 Pa. 179; Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469.

The law does not require that the information be skillfully drawn. Could defendant, upon scrutinizing the information carefully, know what unlawful act he was al-

leged to have committed, and did it sufficiently inform him that he might be put on trial for the offense charged? If so, it is sufficient: Commonwealth v. Robertson, 47 Pa. Superior Ct. 472. Undoubtedly this information gave defendant fair notice of its nature and the time and place where the offense was alleged to have been committed by him. If it furnished such information, then it is sufficient: Commonwealth v. Rutter, 33 Lanc. L. R. 226; Commonwealth v. Gemmil, 28 Lanc. L. R. 121.

While the facts set forth in this information are not as specific as this court would suggest, nevertheless we believe that in accordance with all the decisions we are able to find it is sufficient to give defendant fair notice of its nature and the time and place where the offense was alleged to have been committed. Accordingly, we are compelled to make the following

### Order

And now, October 15, 1936, after due and careful consideration, the motion to quash the information is hereby dismissed and the rule to show cause thereon is hereby discharged.

From Raymond E. Brown, Brookville.