## Commonwealth v. Stiver

*M. W. Gettig*, for Commonwealth.
*M. Ward Fleming*, for defendant.

WALKER, P. J., March 23, 1938.—N. R. Stiver, defendant, was arrested for violating section 1001 (a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, it being charged that in Taylor Township on November 6, 1937, he did unlawfully operate a Plymouth sedan bearing 1937 Pennsylva-

nia registration no. 329Z9, contrary to said section and subsection of said act of assembly. The charge was brought before R. C. English, justice of the peace of said township. A hearing was waived by defendant and bail given for his appearance at court. The record of the case was filed in the Court of Quarter Sessions of Centre County, January 11, 1938.

At the time the case was called, an oral motion to quash the information and dismiss the proceeding was made by counsel for defendant on the ground that the information is nothing more than just a mere statement that defendant violated a particular act of assembly.

"The complaint being in the nature of an indictment must contain a direct and positive charge against the defendant, with a complete statement of the offense": Commonwealth v. Gelbert, 170 Pa. 426.

The question therefore arises whether or not the complaint did contain a direct and positive charge against defendant. The information is as follows: "That in Taylor Township, in the County of Centre, on the 6th day of November, A. D. 1937, N. R. Stiver, defendant above named, did unlawfully operate a Plymouth sedan bearing 1937 Pennsylvania registration no. 329Z9 upon a public highway of this Commonwealth, and did then and there violate section 1001 ($a$), of The Vehicle Code, supra. The act reads as follows: 'Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property', and contrary to the form of the act of the general assembly, in such case made and provided."

The charge, as it appears in the information, is that defendant did unlawfully operate a motor vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property. The law does not

require that an information be skillfully drawn, but it does require that sufficient information be set forth so as to inform defendant as to the unlawful act with which he is charged. Indictments have been sustained where the charge has been set forth substantially in the language of the act of assembly prohibiting the crime. Surely, no stricter rule shall apply to an information than is applicable to an indictment. In fact, the rule with reference to information is not as strict as that of an indictment.

"It is not required that an information be skillfully drawn, and justice might be delayed or sometimes entirely defeated, if the same skill were required in regard to the information as to the indictment. There is no doubt that the defendant upon scrutinizing the information before us knew what the unlawful act was with which he was charged, and was sufficiently informed that he might be put on trial for the crimes charged in the indictment": Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471.

Counsel for defendant has cited the case of Commonwealth v. Moller, 50 Pa. Superior Ct. 366, as his authority for sustaining the motion to quash. As a general proposition of law no fault can be found with this decision, but it is inapplicable to the case at bar because sufficient notice is given in the information in the present case which would enable defendant to know what the charge was with which he was confronted. In this case the court said: "as we construe the information, it charges no specific violation of any provision of the act of 1909." The case at bar states that defendant violated a specific section and subsection of the act of assembly, quoting the language of the particular section and subsection of the act. In the case of Commonwealth v. Huth, 28 D. & C. 407, an information similar in character to the one in the present case was upheld by the court, the only difference being that the section of the act was a different one from the case at bar, but the form of the information was

identical. While a better arrangement of the wording of the charge might be suggested than appears in the information itself, nevertheless, no greater information would have been given to defendant than appears in the information in the present case, and the court is of the opinion that the information is sufficient to give defendant fair notice of its nature and the time and place where the offense was alleged to have been committed, and the motion to quash the information is hereby dismissed.

A further reason given by the Commonwealth for the dismissal of the motion to quash was that defendant had not complied with the rules of court with reference to motions to quash. Rule 21 of the rules of court as adopted by the Court of Quarter Sessions of the Peace in and for Centre County provides:

"In all criminal prosecutions a motion to quash or strike off a return or transcript of a Justice of the Peace shall be made in writing with the reasons therefor, within ten days after filing of the transcript. Application shall forthwith be made to the court for the fixing of a date for argument of the same which shall be as early as the business of the court will permit."

This rule has been violated in that the record was filed January 11, 1938, and the motion to quash was made February 17, 1938, more than 10 days after the filing of the record, and said motion was not in writing as provided by said rule of court.

"Rules adopted by a court without exceeding the limits of its authority are often spoken of as having the effect of rules enacted by the legislature, or positive law, and, therefore, as being obligatory both on the court and on the parties": 7 R. C. L. 1027, sec. 54; Baur et al. v. Wilkes-Barre Light Co. et al., 259 Pa. 117. For this additional reason the motion to quash is hereby dismissed.

A second question has been raised by counsel for defendant and that was on a motion to discharge defendant at the close of the Commonwealth's testimony. In

the consideration of this motion, which amounts to a demurrer, all the testimony of the Commonwealth must be considered as being true, and the court is of the opinion that defendant did violate the section of the act of assembly prohibiting reckless driving, beyond a reasonable doubt, and the said motion is therefore dismissed.

The third motion made was to discharge defendant at the close of the case and raises the question whether under all the testimony in the case, both of the Commonwealth and of defendant, defendant violated the section prohibiting reckless driving beyond a reasonable doubt. In connection with this motion the court finds that on the night of November 6, 1937, at or near Elk Haven Service Station, two miles west of Port Matilda, in Taylor Township, Centre County, Pa., certain enforcement officers were stopping cars for the purpose of determining whether there were any game violations; that the highway in front of this station was lighted by lights from the service station and that two kerosene bomb lights placed about 800 feet apart were located in the center of the highway; that about 10:45 p.m. on said date, a car appeared, proceeding west at a fast rate of speed; that the said car was driven by N. R. Stiver, defendant in this case, and that he was fully aware of the white flares when he was a mile east of the Elk Haven Service Station; that he was fully aware of why the flares were placed on said highway because he had been stopped a couple of nights before; that notwithstanding that he saw the flares and knew their purposes, he increased the speed of his car instead of slowing it down; that on the highway at the time were two of the officers who blew their whistles and flashed lights when they saw that no heed was being paid by the driver of the car to the flares, and when they detected an increasing rather than a retarding speed of the car, and when they saw him coming toward them, fearing that they might be struck by the car itself, they jumped off the highway and that the car proceeded in a

westerly direction in a zigzag manner and was finally stopped by defendant along the side of the road; that the officers were within their legal rights in being on the highway at the time; that defendant stated he never stopped for flash-lights; that defendant also stated that he was in a hurry, due, no doubt, to his anxiety to get to his job on time. In the case of Commonwealth v. Moller, supra, in defining the word "recklessly", the court said:

"Recklessly, in the language of the statute, means negligently, in the absence of care under the circumstances, or, in other words, with such speed as would be reasonable and proper, having due regard to the existing circumstances or conditions, to wit, the width of the street, the traffic thereon, etc."

The question here for determination under the evidence is whether defendant drove his car in violation of section 1001(a), carelessly, wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property. It is not a question of a violation of that section of the law with reference to speeding, nor is it a question of whether he stopped at the instant that the whistles were blown and the signal given, but the question is whether the care exercised by him under the circumstances, taking into consideration the situation as it existed there that night and the combination of circumstances as to what happened as disclosed by the testimony, did not indicate that the car was driven carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property. The court feels that defendant did drive his car on that particular night carelessly and wilfully, disregarding the rights or safety of those men who were on the highway, and in a manner to endanger their person. In view of this finding, the motion to discharge defendant at the close of defendant's testimony is discharged.

*Decree*

And now, to wit, March 23, 1938, the motion to quash the information, as well as the motions to discharge defendant, are hereby dismissed, with the further order of the court that defendant shall appear in court on March 28, 1938, at 10:00 a.m., for the purpose of having the case formally disposed of.