## Commonwealth v. Afton

*Robert M. Morris*, district attorney, for Commonwealth.

*John W. Conrad* and *Jesse P. Long*, for defendant.

LONG, P. J., March 28, 1938.—Defendant was found guilty of reckless driving on April 2, 1937, and sentenced by the justice of the peace to pay a fine and costs, and in default thereof was committed to the county jail. On the same day and prior to the time the transcript was filed (April 14, 1937), defendant, having various remedies, sought to be released from imprisonment and chose the most convenient and expeditious method, to wit, an appeal.

The case came on for hearing and defendant moved to quash the proceedings, alleging that the information is fatally defective and that the record fails to disclose defendant's guilt of the offense charged. The information alleges a violation of section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, which was passed prior to 1937. That section of The Vehicle Code provides: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: "(a) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property." A violation and summary conviction warrants a fine, and, in default, imprisonment.

The justice, after hearing, found defendant guilty of reckless driving as charged and imposed sentence. Defendant contends that the defects alleged are substantial and jurisdictional. For the sake of argument, assuming, but not deciding, that the evidence was insufficient to convict, what right do we have at this date on appeal to quash the proceedings and discharge defendant?

" 'In Pennsylvania none of the common-law or statutory essentials of a summary conviction have been yielded, and they seem "to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown": *Com. v. Borden*, 61 Pa. 272' ": Commonwealth v. Moller, 50 Pa. Superior Ct. 366, 372.

Counsel for defendant have called to our attention the case of Commonwealth v. Moller, supra, where the information failed to charge an offense and the justice of the peace and the court failed to convict defendant in the manner prescribed by the act of assembly: Commonwealth ex rel. v. Manager of House of Correction, 10 Dist. R. 371, a case where the record shows that none of the legal requirements had been complied with.

An information is sufficient if it plainly states and identifies in ordinary words the offense with which de-

fendant is charged; it is not necessary that it charge the offense with the detail and technical accuracy required in an indictment: Commonwealth v. Grego, 116 Pa. Superior Ct. 295; Commonwealth v. Huth, 28 D. & C. 407.

Furthermore, the above cases can readily be distinguished from the instant case. Here the proceedings were founded on an information; there is a record of the subsequent proceedings, which the justice of the peace considered sufficient to warrant a conviction; a sentence, after conviction, conforming with the punishment fixed by law and an appeal after sentence, taken according to law. Defendant gave bail on appeal, and after hearing before the justice of the peace cannot here raise issues as to the regularity of those proceedings.

Where a prisoner gives bail, he cannot, after indictment found, complain that the information was insufficient to warrant detention: Commonwealth v. Paul, 3 Somerset 68; Commonwealth v. Butler, 37 Pitts. 334.

If an appeal is asked for, it is directed to the court of quarter sessions, and, if allowed, the case is heard de novo before a judge of that court. In such case the court of quarter sessions does not sustain or reverse the judgment of the magistrate and does not review such judgment or the matters alleged as grounds for appeal—it finds the defendant either guilty or not guilty—it either convicts or acquits him. The judgment on writ of certiorari from a summary conviction before an alderman or justice of the peace is to (1) sustain or (2) set aside the judgment; on appeals from such conviction the judgment is (1) guilty or (2) not guilty, (1) conviction or (2) acquittal: Commonwealth v. Hunter, 107 Pa. Superior Ct. 513; Commonwealth ex rel. v. Armour & Co., 30 D. & C. 374; Commonwealth v. Benson et al., 94 Pa. Superior Ct. 10; Commonwealth v. Huth, supra.

Jurisdiction of the subject matter may be raised at any time. Therefore, the question of the jurisdiction of the subject matter will not interfere with the order which we now make.

*Order*

And now, March 28, 1938, after due and careful consideration, the motion to quash is overruled and the rule to show cause discharged; the case directed to be placed on the trial list, to the end that it may be tried on its merits with the least possible expense to the Commonwealth and defendant.