## Commonwealth v. Ficcio

*Raymond B. Reid,* district attorney, and *Chester C. Campbell,* borough solicitor, for Commonwealth.

*Truman D. Wade,* for defendant.

WINDLE, P. J., May 1, 1939.—This is an appeal by defendant, duly allowed, from his summary conviction by a justice of the peace on a charge of disorderly conduct and sentence thereon.

The transcript of the record of the justice in the case, filed in the office of the clerk of the court, shows that on January 17, 1939, a warrant was issued on oath of S. W. Lee, and states: "Defendant charged with disorderly conduct on January 17, 1939, between the hours of 12:30 and 1:00 p.m." The warrant, a copy of which was attached to defendant's petition for allowance of his appeal, calls on defendant "to answer the Commonwealth upon a charge founded on the oath of S. W. Lee, Oxford, Pa., charged with disorderly conduct on January 17, 1939, between

12:30 and 1:00 p.m. . . ." The information itself is not before us but in the absence thereof it is fair to presume that the warrant followed its wording. At least nothing to the contrary appears.

At the hearing before the justice, inquiry by counsel for defendant elicited the information that the disorderly conduct charged consisted, as alleged, of the use of profanity on a public alley in the Borough of Oxford, in violation of the provisions of a borough ordinance. A motion to quash the proceedings for defects in the complaint and warrant was overruled by the justice who, after hearing the testimony, convicted and sentenced defendant.

At the hearing on appeal before the court a motion to quash the proceedings was again made on the ground that the information and warrant did not sufficiently allege the offense charged. Said motion was taken under advisement and testimony heard on the merits of the case. Now, after consideration, we are of opinion that it, probably more properly considered as a motion to quash the information, must be granted.

The section of the ordinance of the Borough of Oxford in question here is as follows:

"Section 1—Any person or persons who shall make or participate in the making of any riot, noise, disturbance or disorderly assembly in any street, house or place within the corporate limits of the Borough of Oxford, or who shall carry concealed deadly weapons or who shall engage in gambling or setting up of any gambling device or lottery, or who shall appear or be on any public street, place or alley under the influence of intoxicating liquors, or shall engage in the use of any profane or indecent language on any public street, place or alley or adjacent to any such public street, place or alley within the corporate limits of the Borough of Oxford, shall be guilty of disorderly conduct within the meaning of this ordinance . . . ."

Therefrom it appears that said ordinance provides that any one of ten or more actions or courses of conduct may

constitute disorderly conduct. Just which one this defendant was charged with having committed does not appear in the record except as it may be inferred from the testimony delivered which is not for our consideration on this proceeding. The information or warrant does not disclose it. Nor do they disclose jurisdiction of a violation of a borough ordinance in the justice as it is not stated that the "disorderly conduct" took place in Oxford. Even if disorderly conduct under the statute were sought to be charged, the conduct constituting such offense provided in the act is not averred.

It is clear from the authorities that such general averments in an information and warrant as we have here are not sufficient. The case of Commonwealth v. Brightbill, 22 Dist. R. 367, is directly in point and while not controlling on us, nevertheless, is a decision with which we agree. There, on a motion to set aside and quash proceedings made on an appeal from the judgment of a justice of the peace, it appeared that the information and warrant charged a violation of the "Auto Act of 1909, April 27, sec. 14, by exceeding the speed limit for boroughs, etc., in riding through Myerstown Borough, Pa., on Aug. 17, 1912." The court pointed out that in the statute in question there were five regulations that might have been violated by excessive speed and that nothing in the information indicated which of the provisions had been violated, and said "A defendant has a right to know, by the charge laid against him, in what manner he has transgressed the law. . . ." It held that a judgment of the justice could not be sustained on that information or complaint and that a judgment of the court of quarter sessions based on the same information and the transcript of the justice would be equally defective.

We see no distinction in principle between that case and the one before us and, as indicated, agree with the reasoning and conclusion reached therein. Commonwealth v. Moller, 50 Pa. Superior Ct. 366, cited in the

416

Brightbill case, is an authority to the same effect. See also Commonwealth v. Miller, 25 Dist. R. 144, Commonwealth v. Learn, 2 D. & C. 397, Commonwealth v. Bobarsky, 5 D. & C. 213, and cases therein cited.

We have no doubt then that this information is fatally defective in that the offense charged is not sufficiently averred—is not set forth in the detail required by law, to say nothing of the failure to show jurisdiction of the subject matter—and that, consequently, even if the facts relied on were established by the proofs, no conviction of defendant by this court could be sustained. For that reason the motion to quash the proceedings must be allowed.

Motion to quash granted.