## Commonwealth v. Beckwith

*John J. Galbo*, for Commonwealth.

*Wilbur R. Seabrook*, for defendant.

EVANS, J., January 4, 1940.—On July 1, 1939, an information was made against defendant alleging that on June 27, 1939, she did "unlawfully operate a certain mo-

tor vehicle, to wit: A Ford Sedan bearing 1939 Pennsylvania registration number KY504 upon a public highway in this Commonwealth in violation with Section 401 Sub-Section 'A', Act 403 P. L. 1929 by not having said motor vehicle properly registered with the department and . . ." After hearing, defendant was found guilty and has instituted this appeal. On appeal, the testimony showed that defendant had sent her check for $14.40, accompanied by an application for a certificate of title, to the Department of Highways, on June 21, 1939. The check was accepted by the Highway Department and registration was made on June 23, 1939. The facts produced at the trial showed that the license tags were actually those of the former owner, hence the arrest.

Section 401 of The Vehicle Code of May 1, 1929, P. L. 905, provides a penalty for operation of a motor vehicle on the highway before it has been properly registered with the department *and* the registration plate or plates that have been issued for the vehicle for the current year are received and displayed as required by this act. There is no subsection "A". In Commonwealth v. Gelbert, 170 Pa. 426, at page 429, the court held:

" 'But if a complaint in writing is resorted to, being the substratum of the magistrate's jurisdiction, and in the nature of an indictment, it should contain a complete statement of the offense; for the evidence given upon the trial can only support the original charge, and can by no means extend or supply what is wanting in the complaint' ". See also Commonwealth v. Moller, 50 Pa. Superior Ct. 366.

The information charges only that the motor vehicle was not properly registered with the department and we must confine our inquiry as to the facts sustaining this charge. Inasmuch as the automobile was properly registered, the conviction cannot stand.

And now, to wit, January 4, 1940, defendant is discharged.