## Commonwealth v. Alford

Thomas C. Gawthrop, district attorney, and Philip J. Reilly and W. Edward Greenwood, assistant district attorneys, for Commonwealth.

Thomas Lack, for defendant.

WINDLE, P. J., May 12, 1941.—Defendant waived a hearing before a justice of the peace on a charge of violation of a summary provision of The Vehicle Code of May 1, 1929, P. L. 905, in regard to reckless driving and submitted his cause to a judge of this court for trial and judgment. At the trial, his counsel, by written motion, preliminarily moved to quash the information on which the prosecution was based. The trial judge overruled the motion for the time being and heard the testimony. At the conclusion thereof, counsel for defendant called attention to the record fact that the complaint or information had not been returned to this court by the justice of the peace within 15 days after defendant had waived the hearing and given bail as provided by the statute, and renewed his motion to quash. The trial judge had no doubt as to the guilt of defendant on the merits but reserved decision on the legal questions raised by said motion. After due consideration he is of opinion that the motion to quash the information preliminarily made should have been granted.

The motion in question is based on the ground that the information "does not aver any of the facts which the

statute under which said prosecution is brought says shall constitute the offense of reckless driving upon a highway". The rule in that regard is that the essential elements of the offense charged must be set forth in common parlance in the information—the criminal acts constituting the offense must be averred. If that be done the information is sufficient, otherwise it is not and should be quashed: Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, and cases there cited: Commonwealth v. Miller and Burke, 77 Pa. Superior Ct. 469.

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment, if the essential elements of the offense be set forth in terms of common parlance the information will be held sufficient": Commonwealth v. Dingman, 26 Pa. Superior Ct. 615, 619. Viewed in the light of the above rule this information is not sufficient.

The information is as follows: "The information of Pvt. J. W. Davoney, P. M. P., of Devon, County of Chester, and *Commonwealth of Pennsylvania.* The said Pvt. J. W. Davoney, being duly sworn according to law, deposes and says that at or about the hour of 6:40 o'clock p.m., on the 28th day of November, 1940, one John S. Alford, residing at Glen Mills, Delaware County, Pa., the operator or user of a certain motor vehicle bearing Penna. Registration Plates no. 3SA96, violated the '*Vehicle Code of the Commonwealth of Pennsylvania*', sec. 1001, subsec. a, art. X, while driving on the public road at East Whiteland Twp., Chester Co., Pa., did operate a LaSalle Sedan, driving south out of a public driveway and did strike another car driving west on the Lincoln Highway, causing an accident and personal injury to other party involved, contrary to the act of assembly enacted May 1st, 1929, and amendments thereto."

Therefrom it appears that the informant, a member of the Pennsylvania Motor Police, avers that defendant, at a designated time, violated article X, sec. 1001, subsec. a, of The Vehicle Code of May 1, 1929, P. L. 905, while

driving on a public road within the jurisdiction of the justice of the peace before whom the complaint was made, in that he drove his car south out of a public driveway and struck another car proceeding westwardly on the Lincoln Highway, "causing an accident and personal injury to other party involved". The charge of a violation of the subsection of the act in general terms is not sufficient and unless we find that the language specifically describing the operation of defendant's car avers the essential elements of the offense charged—the acts constituting the offense—it likewise is not sufficient.

Section 1001, including subsection (*a*) thereof, is as follows:

"Reckless Driving.—Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(*a*) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

Consequently unless the descriptive language in the above-quoted information states in effect that defendant operated his car "carelessly and wilfully or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property", the information cannot be sustained. A careful analysis of said language indicates that it does not do so. It does not aver carelessness or wilfulness, a wanton disregard of the rights and safety of others, or a manner of operation so as to endanger any person or property. Defendant might have driven his car south out of the public driveway and struck another car driving west thereon and been guilty thereby only of simple negligence or, indeed, possibly of no negligence at all, considering that apparently, from all that appears, he had the right of way, although the use of the phrase "causing an accident and personal injury" somewhat negatives the latter idea. The language used, therefore, does not aver the essential elements of

the offense charged or any criminal acts constituting that offense. Under those circumstances the information cannot be sustained. As was said in the opinion in Commonwealth v. Douglas, 31 D. & C. 234, 236: "There is nothing in the information to specify the particular act or acts committed by defendant and which are classified as offenses." In Commonwealth v. Ficcio, 35 D. & C. 413, decided in this court in 1939, on an appeal from a justice of the peace where a motion to quash the proceedings, considered as a motion to quash the information, was under consideration, the court said: "Even if disorderly conduct under the statute were sought to be charged, the conduct constituting such offense provided in the act is not averred", and granted the motion to quash. If for the words "disorderly conduct" the words "reckless driving" be substituted, the quotation has apt application to the present situation. See also Commonwealth v. Gelbert, 170 Pa. 426, Commonwealth v. Moller, 50 Pa. Superior Ct. 366, Commonwealth v. Brightbill, 22 Dist. R. 367, Commonwealth v. Dugan, 9 Wash. Co. 179, Commonwealth v. Davis, 17 Wash. Co. 63, and Commonwealth v. Young, 39 D. & C. 45.

An examination of the authorities reveals certain cases decided in the courts of quarter sessions in this Commonwealth not entirely consistent with the above view. However, with those we do not agree. We believe that the principle of law involved is determined by the decisions of appellate courts of this State as above indicated and that this information does not meet the requirements thereof. For that reason we are constrained to grant this motion.

The ruling of the trial judge denying the motion to quash the information is vacated.

The motion to quash the information is granted.

Defendant is discharged.

The costs will be paid by the county.