## Commonwealth v. Fox

*William C. Storb*, assistant district attorney, for Commonwealth.

*Arnold & Bricker*, for defendant.

SCHAEFFER, P. J., October 13, 1944.—Defendant, Clayton W. Fox, was prosecuted before a justice of the peace charged with a violation of The Vehicle Code of May 1, 1929, P. L. 905. The information sets forth that the defendant did "unlawfully operate a Chevrolet coupe, bearing Pennsylvania tag number 76KM3, at or about 10:10 P. M., on April 12, 1944, in the above mentioned township and county and the Commonwealth of Pennsyvania, in that he did fail to come to a complete stop at a 'Stop Thru Traffic' sign erected at the intersection of Route No. 322 and a township road in

Earl Township, Lancaster County, Pennsylvania. This in violation of section 1016, subsection 'a', Act 403, of the Automobile Laws of the Commonwealth of Pennsylvania, as amended".

Defendant waived a hearing and gave bail for a hearing in court. At the hearing in court, defendant moved to dismiss the proceeding on the ground that the complaint charges no offense which is defined by The Vehicle Code because it charges failure to stop at a stop sign and The Vehicle Code requires the driver of a vehicle to stop within a reasonable distance of an intersection. The court overruled the motion and the hearing was held on the merits. Defendant was found guilty. Defendant then filed motions to dismiss the proceeding and in arrest of judgment.

Defendant contends that the complaint is defective and that the justice of the peace lacked jurisdiction because the information sets forth only that the defendant failed to come to a complete stop at a "Thru Traffic Stop" sign, whereas it should have averred that defendant failed to come to a full stop within a reasonable distance before entering the intersection on a through highway, where an official "Thru Traffic Stop" sign was erected in accordance with the provisions of The Vehicle Code.

Defendant is not precluded from questioning in the court of quarter sessions and at this stage of the case the jurisdiction of a justice of the peace: Commonwealth v. Kline, 35 D. & C. 19; Commonwealth v. Conner, 50 D. & C. 488 (1944). The question involved is not a procedural irregularity as in Commonwealth v. Burall, 146 Pa. Superior Ct. 525, but one that affects the jurisdiction of the justice of the peace.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1016 (a), as last amended by the Act of June 5, 1937, P. L. 1718, sec. 3, provides: "It shall be unlawful for the driver or operator of any vehicle . . . before entering a through highway, to fail to come to a full stop,

within a reasonable distance, before entering the intersection on such through highway, when an official 'Thru Traffic Stop' sign or signs have been erected in accordance with the provisions of this act."

In Commonwealth v. Ginsberg et al., 143 Pa. Superior Ct. 317, 324 (1941), it is said:

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: Com. v. Carson et al., 166 Pa. 179, 30 A. 985; Com. v. Robertson, 47 Pa. Superior Ct. 472; Com. v. Grego, 116 Pa. Superior Ct. 295."

This case was cited with approval, together with other Pennsylvania cases, in the recent case of Commonwealth v. Musto, 348 Pa. 300, 303 (1944). In an earlier decision, Commonwealth v. Gelbert, 170 Pa. 426 (1895), it is said (p. 430) :

"It was therefore necessary to the jurisdiction of the magistrate and the validity of his warrant that the complaint should distinctly state that the work mentioned in it was performed on Sunday. It is not sufficient in such case that it may appear from the evidence on the trial or by reference to the almanac that it was so performed. The complaint is the foundation of the proceeding and the jurisdictional facts must appear on its face by a plain statement of them." See also Commonwealth v. Moller, 50 Pa. Superior Ct. 366; Commonwealth v. Kane, 65 Pa. Superior Ct. 258; Commonwealth v. Young, 39 D. & C. 45.

The question arises whether the essential elements of the offense are set forth in the complaint and whether the unlawful act alleged to have been committed was fairly and sufficiently made known to defendant. The information need not follow the language of the act

verbatim, but a substantial compliance with its provisions and a statement of the essential elements of the offense, even in common parlance, meets the requirements of the law. It has been the policy of this court to recognize a complaint as sufficient and good in law if the offense is charged plainly and the nature of it may be readily understood. As stated by Judge Trexler in Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471:

"It is not required that an information be skillfully drawn, . . . magistrates are not usually learned in the law, and all that should be required of them, is a plain statement of the charge laid."

However, whether the charge is set forth technically or in plain language in the information, particularly in summary proceedings, the essential elements of the offense must be stated in the complaint.

The complaint in controversy charges defendant only with failing to come to a complete stop at a "Thru Traffic Stop" sign erected at the intersection of two highways and refers to a "violation of section 1016, subsection 'a', Act 403, of the Automobile Laws of the Commonwealth of Pennsylvania, as amended". It is not a violation of The Vehicle Code to fail to stop at a stop sign. The Vehicle Code of May 1, 1929, P. L. 905, refers to the offense involved in this proceeding as a failure to stop at an intersection and not at a stop sign. The section in question requires a full stop within a reasonable distance before entering an intersection and before entering a through highway where an official "Thru Traffic Stop" sign has been erected. The complaint in the instant case fails to state that the defendant entered either the through highway or the intersection on the through highway, which is one of the essential elements of the offense. The offense is complete only by entering such intersection. Although the evidence at the hearing showed that he actually entered the intersection, nevertheless the evidence is

not part of the record on a motion in arrest of judgment: Commonwealth v. Crouse, 44 Lanc. 248; Commonwealth v. Moon, 151 Pa. Superior Ct. 555, 559; Commonwealth v. Bateman, 92 Pa. Superior Ct. 53, 56.

We recognize the liberality of the law relative to the form and substance of an information. However, under the particular record facts of the instant case, the court concludes that the complaint is insufficient in law because it fails to set forth the essential elements of the statutory offense and does not show that defendant was charged with any offense as defined by The Vehicle Code.

And now, October 13, 1944, the motions to dismiss the proceeding and in arrest of judgment are sustained. Costs to be paid by the County of Lancaster.