## Commonwealth v. Smith

*Joseph G. McKeone,* district attorney, for Commonwealth.

*Reilly & Wood,* for defendant.

HARVEY, J., October 28, 1946.—Defendant waived a hearing before the justice of the peace on a charge of violation of the summary conviction provision of The Vehicle Code of May 1, 1929, P. L. 905, art. X, sec. 1016(*a*), as amended by the Act of June 5, 1937, P. L. 1718, 75 PS §591. Before us she has moved to quash the information and for her discharge upon the

ground that the information is insufficient. The motion must be sustained.

A complaint or information must contain all the essential elements of the offense. In a summary conviction proceeding "it should contain a complete statement of the offense" and "must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt. . . . In Pennsylvania none of the common law or statutory essentials of a summary conviction have been yielded, . . .": Commonwealth v. Moller, 50 Pa. Superior Ct. 366, 372. We have said in the case of Commonwealth v. Alford, 41 D. & C. 475, 476, speaking by the president judge:

"The rule in that regard is that the essential elements of the offense charged must be set forth in common parlance in the information—the criminal acts constituting the offense must be averred. If that be done the information is sufficient, otherwise it is not and should be quashed: Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, and cases there cited: Commonwealth v. Miller and Burke, 77 Pa. Superior Ct. 469."

In the case at bar, assuming that the information is accurately quoted by the transcript which alone is filed, it reads as follows:

"That on the 26th day of August, 1946 about 4.10 P. M. in the County aforesaid, one Elizabeth K. Smith of Hollow Rd. R. D. #2, Norristown, Montg. Co. Pa. the owner or user of a certain motor vehicle bearing Pa. Registration Plates No AM 370 for the year 1946 did violate the provisions of Section 1016-A of the vehicle Code of Pennsylvania approved May 1, 1929 and Amendments thereto, by operating a Plymouth Sedan in a Southerly direction on Route #83, in Tredyffrin Township, Chester County, Pa. and

failed to come to a complete stop at the intersection of Route #202, where a stop is erected for such purpose."

Section 1016 (*a*) of The Vehicle Code, above referred to, provides:

"(*a*) It shall be unlawful for the driver or operator of any vehicle, street car, or trackless trolley omnibus, except as is otherwise provided in this section, before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when an official 'THRU TRAFFIC STOP' sign or signs have been erected in accordance with the provisions of this act."

Applying the rules above recited, the information here is insufficient. We find charged therein that defendant, being the operator of a motor vehicle, before entering the intersection on such a through highway, failed to come to a full stop, but we do not find it charged that she failed so to stop "within a reasonable distance" of the intersection, an essential element of the offense. In that regard, the charge is merely that she failed so to stop "at the intersection". Obviously, a failure to so stop "at the intersection" may or may not be a failure to stop "within a reasonable distance" of the intersection, depending on the particular circumstances existing at the time and place of the failure to stop.

It follows that an essential element of the offense does not appear by the information; it does not contain a direct and positive charge that she failed to stop within such a reasonable distance, nor does it set forth in that regard the criminal act which is a constituent of the offense.

The motion to quash the information is sustained. Defendant is discharged; the county to pay the costs.