## Commonwealth v. Bentley

*Paul R. Sand*, for Commonwealth.
*Edward M. Seletz*, for defendant.

CURRAN, J., March 25, 1963.—After a hearing before a local justice of the peace, defendant, George M. Bentley, was convicted of violating section 1016 (b) of The Vehicle Code of April 29, 1959, P. L. 58. An

appeal was allowed by this court and, thereafter, a motion to quash the information upon which the said conviction is based was filed on behalf of the defendant.

Section 1016 (b) provides:

"It shall be unlawful for the driver or operator of any vehicle . . . before entering a stop intersection to fail to come to a full stop, within a reasonable distance, before entering the intersection, when an official "STOP" sign or signs have been erected in accordance with the provisions of this act."

The information states that defendant violated "Article 10 Section 101a Sub-section 6 of the Vehicle Code of Pennsylvania . . . in that he did unlawfully operate or park a motor vehicle upon a public highway in Delaware County, Pennsylvania: Travelling south on Cornell Ave. did fail to come to a full stop for the stop sign at the intersection of Cornell Ave. and Westdale Ave."

The basis of defendant's motion to quash is that the facts set forth in the information are not sufficient to support a charge of violating section 1016 (b) of The Vehicle Code and, therefore, the justice of the peace lacked jurisdiction to convict defendant of that offense. We are convinced there is merit in defendant's position.

It is true that it is not necessary that an information charge the crime with the same detail and technical accuracy required in an indictment: Commonwealth v. Musto, 348 Pa. 300. Nevertheless, the essential elements of the offense charged must be set forth in common parlance in the information and the criminal acts constituting the offense must be averred: Commonwealth v. Miller and Burke, 77 Pa. Superior Ct. 469.

The information in the instant case alleges only that defendant failed to come to a full stop for the stop sign at the intersection of Cornell and Westdale Avenues. It is clear that it is not a violation of section 1016 (b) of The Vehicle Code to fail to stop at a stop

sign. The gravamen of the offense is not only the failure to stop within a reasonable distance before entering the intersection, but there must also be an *actual entering* of the intersection. See Commonwealth v. Smith, 76 D. & C. 327, 67 Montg. 189; Commonwealth v. Smith, 57 D. & C. 396; Commonwealth v. Fox, 52 D. & C. 618, 49 Lanc. 225. The information before us does not set forth these elements which are essential for a violation of the statutory offense of which defendant was convicted and, hence, it is defective.

### Order

And now, to wit, March 25, 1963, after hearing and argument, it is ordered and decreed that defendant's motion to quash the information be and the same is hereby sustained. Costs to be paid by the County of Delaware.