## Commonwealth, Appellant, *v.* Haines.

*Criminal law—Indictment—Information—Keeping disorderly house—Nuisance.*

An information averring that the defendant "did keep and maintain and does now keep a certain common, ill governed and disorderly house and place to the encouragement of idleness, gaming, drinking and other misbehavior to the community and disturbance of the good citizens of this commonwealth, residing and being in the neighborhood," is sufficient to support an indictment charging the defendant, in the precise language of the forty-second section of the Act of March 31, 1860, P. L. 382, with keeping a disorderly house "to the common nuisance and disturbance of the neighborhood." In such a case it is immaterial that the house is not charged to be a common nuisance in the information.

Argued Oct. 7, 1913.   Appeal, No. 30, April T., 1914, by plaintiff, from order of Q. S. Greene Co., Sept. Term,

1913, No. 1, quashing indictment in case of Commonwealth v. Debbie Haines. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Motion to quash indictment.
The opinion of the Superior Court states the case.

*Error assigned* was order quashing the indictment.

*David R. Huss,* district attorney, for appellant.—The information was sufficient: Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Robertson, 47 Pa. Superior Ct. 472.

*Challen W. Waychoff,* with him *J. H. Zimmerman* and *Roy J. Waychoff,* for appellee.—The information was not sufficient: Hunter v. Com., 2 S. & R. 298.

OPINION BY PORTER, J., November 17, 1913:

This is an appeal by the commonwealth from an order and judgment of the court below quashing an indictment. The indictment charged the defendant, in the precise language of sec. 42 of the Act of March 31, 1860, P. L. 382, with the offense which in the common language of the people has very long been designated as "keeping a disorderly house." The indictment charged the offense to be "to the common nuisance and disturbance of the neighborhood," and it is conceded that it accurately defined the offense, in the very language of the statute. The only ground upon which the indictment was challenged was that the information upon which it was founded was insufficient to sustain it. The information, duly signed and sworn to before the justice of the peace, charged that the defendant "did keep and maintain (and does now) keep—a certain common, ill-governed and disorderly house and place to the encouragement of idleness, gaming, drinking, and other misbehavior, to the community and disturb-

ance of the good citizens of this Commonwealth residing and being in the neighborhood." The defendant filed a written motion to quash the indictment upon the ground that "The information upon which the indictment in the above case is founded having neglected to charge that the house complained of was a common nuisance said information is not sufficient upon which to found the indictment." The court below sustained this motion and quashed the indictment for the reason stated. The purpose of a preliminary written charge and hearing before a justice is to inform the defendant as to the offense with which he is charged and to ascertain whether there are sufficient grounds for holding him for trial. The office of the written information is to identify the crime charged, and this it may do by employing a generic term, or in the words by which the crime is designated in the common language of the people; it is not necessary that it charge the offense with the detail and technical accuracy required in an indictment. The only question to be considered is whether the written accusation which this defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment: Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, and cases there cited. When the defendant waived a hearing and gave bail for her appearance at the court of quarter sessions "to answer the above charge of keeping a disorderly house," she must be presumed to have known that the indictment founded upon the preliminary accusation would in legal language charge the crime of keeping a disorderly house, and aver it to be "to the common nuisance and disturbance of the neighborhood." The information in this case was certainly sufficient notice to this defendant that an indictment might be found against her charging her, in proper formal language, with keeping a disorderly house; to require a more formal statement on the face of an informa-

tion would be sacrificing substance to technicality. Informations are not usually prepared by persons familiar with the niceties of criminal pleading, and to hold that they must come up to the standard of technical accuracy required in indictments is not necessary to protect the rights of defendants and would only tend to delay the administration of justice. The specification of error is sustained.

The order and judgment of the court of quarter sessions, quashing the bill of indictment, are reversed, the indictment is reinstated, and the record is remitted for further proceedings according to law.