## Commonwealth *v.* Danner, Appellant.

*Criminal law and procedure—Larceny—Receiving stolen goods—Indictment.*

An indictment for receiving stolen goods may be presented by the district attorney upon an information charging larceny. If the defendant is advised by the information what transaction is referred to, he must prepare to meet the charge as to any crime involved therein.

*Automobiles—Stealing—Receiving—Sale, second hand—Acts of May 1, 1919, P. L. 99, and June 30, 1919, P. L. 702.*

The Acts of May 1, 1919, P. L. 99, and June 30, 1919, P. L. 702, are not inconsistent, and the latter does not affect the former or take away any of its provisions. The Act of May 1st makes the stealing of an automobile, or the receiving of one, knowing it to have been stolen, a felony. The Act of June 30th makes it a misdemeanor to buy an automobile at second hand unless the purchaser shall require certain information from the vendor, and make report thereof to the State Highway Department and the local police department.

Argued April 12, 1922.  Appeal, No. 280, Oct. T., 1921, by defendant, from judgment of Q. S. Schuylkill County, Sept. T., 1921, No. 540C, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Edgar Danner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for receiving stolen goods.  Before BECHTEL, P. J.

Defendant was arrested on an information charging him with larceny of two automobiles, and with receiving as stolen goods ten barrels of alcohol.  The district attorney presented five indictments, two charging larceny and three receiving stolen goods.  Motion was made to quash the indictment charging receiving stolen goods with reference to the automobile, on the ground that defendant was not so charged in the information.  The jury acquitted the defendant on four of the indictments, and found him guilty on the one charging him with receiving the automobiles, knowing them to have been stolen.  Judgment of sentence was passed, and defendant appealed.

*Errors assigned* were the judgment and sentence of the court, refusal to quash the indictment, refusal to direct a verdict of "not guilty," and refusal to grant a new trial.

*J. O. Ulrich,* for appellant.—The grand jury cannot indict without a previous presentation before a magistrate, except in cases of public notoriety, such cases as are within their knowledge, or are given them by the court, or sent them by the district attorney by direction of the court: Com. v. Green, 126 Pa. 539.

Jurisdiction to try and punish crime cannot be acquired otherwise than in the mode prescribed by law, and, if it is not so acquired, any judgment is nullity: Hoffman v. Com., 123 Pa. 75.

*Cyrus M. Palmer*, District Attorney, for appellee.—The defendant could be held before the justice only for the offense charged in the information, but the grand jury had authority to indict for any offense warranted by the evidence before it: Com. v. Weber, 67 Pa. Superior Ct. 497; Com. v. Montross, 8 Pa. Superior Ct. 237.

OPINION BY TREXLER, J., July 13, 1922:

Has the district attorney the right to indict the defendant for receiving stolen goods, knowing that they have been stolen, upon an information charging larceny? The Criminal Procedure Act March 31, 1860, P. L. 428, section 24, provides that a count for receiving may be added in every indictment for feloniously stealing. The district attorney, in the present case, for some reason which does not appear, instead of charging the defendant with larceny and receiving in one indictment, employed two. Beyond the question of costs, which does not arise, we find no error in this. The information before us plainly sets forth the larceny of two automobiles. The transaction referred to and which furnished the basis of the charge was indicated to the defendant and he could thus prepare for the charge he had to meet. Any crime arising out of the same transaction can be laid in the indictment. In Com. v. Carson, 166 Pa. 179, where misjoinder of counts was alleged it was said "The matters charged in the second were a part of the affair to which the first related." The offenses charged were of a cognate nature and were part of the same affair. The policy of our lawmakers and the courts is to do away with technical objections. All the defendant is entitled to is a fair trial. Before the trial he should know what accusation he is to meet in order that he may prepare for it. When the transactions in which he is charged to have been the actor are described in the information, he must be prepared to answer such crimes as are involved therein. If there be room for surprise, an application

for time to meet the charges will be allowed: Com. v. Carson, supra.

The argument is advanced that the defendant could not be convicted under the Act of May 1, 1919, P. L. 99, which makes the stealing of a motor vehicle or the receiving of one known to have been stolen a felony, for the testimony disclosed that the automobile which the defendant had, was a second-hand or used machine and that as to such machines the third section of the act of the 30th of June, 1919, P. L. 702, supplies and supersedes the former act. A reading of the latter, shows this position is untenable. The act requires the purchaser of a second-hand car to demand certain information in writing from the vendor and he himself is to furnish a written statement setting forth the details in regard to the sale, the same to be forwarded to the State Highway Department and the local Police Department. Failure to comply with the act is made a misdemeanor. The offense under this act is the failure on the part of the purchaser to require of the vendor the statement referred to and to give the required information on his part as vendee. The crime consists in noncompliance with these provisions and is complete whether the motor vehicle was stolen or not. Guilty knowledge has nothing to do with the offense. The section therefor does not affect the former act and does not supply or take away any of its provisions. Its constituents are entirely different.

All of the assignments are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed, until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.