## Commonwealth v. McLaughlin.

*Criminal law—Indictment—Duplicity—Variance between information and indictment—Common law and statutory embezzlement—Act of April 23, 1909.*

1. An indictment against a bank officer under the Act of April 23, 1909, P. L. 169, charging that defendant "did unlawfully, wilfully and maliciously embezzle, abstract and misapply" funds of a trust company "with intent to defraud" the company and to deceive its president and the bank examiner, is not bad for duplicity, the misapplication and embezzlement of the funds being all part of the single transaction.

2. Such indictment, being for a statutory offence, will be quashed, however, as being a variance from the common-law crime set forth in the information which charged that defendant did embezzle, abstract and misapply certain funds of a trust company, without stating that it was with intent to deceive the president of the trust company or the bank examiner, which is the offence covered by the statute, and it is immaterial that defendant was described as an officer, employee or agent of the trust company, since that would not prevent him from committing the common-law crime of embezzlement.

Motion to quash indictment. Q. S. Dauphin Co., June Sess., 7927, No. 107.

*Robert T. Fox*, District Attorney, and *Michael E. Stroup*, Deputy Attorney-General, for Commonwealth.

*Stroh & McCarrell* and *George V. Hoover*, for defendant.

HARGEST, P. J., July 18, 1927.—This case comes before us upon a motion to quash an indictment for two reasons: (1) That the indictment is bad for duplicity; and (2) that there is a variance between the information and the indictment.

The information charges that the defendant, "an assistant secretary and an assistant treasurer, employee and agent of the Commonwealth Trust Company, . . . did unlawfully and fraudulently embezzle, abstract and wilfully misapply certain moneys, funds and credits of the Commonwealth Trust Company." The indictment, describing the defendant in the same way, charges that he "did unlawfully, wilfully and maliciously embezzle, abstract and misapply certain of the moneys, funds and credits of the said Commonwealth Trust Company . . . with intent then and there to injure and defraud the said Commonwealth Trust Company and to deceive one Warwick M. Oglesby, President of the said Commonwealth Trust Company and the Bank Examiner of the Commonwealth of Pennsylvania." The indictment is drawn

Commonwealth v. McLaughlin.

precisely in the language of the Act of April 23, 1909, P. L. 169, reference to which is endorsed on the back of the indictment.

These are technical objections. Technicalities in pleadings were once looked upon as the means of escaping the rigor of the common law and the severity of punishments thereunder. But we have now outgrown the barbarities of the law. Punishment has been made to fit the crime. The reasons for technicalities have disappeared, but the technicalities themselves remain imbedded in the law. The day of the special pleader is past. The courts no longer look with favor on technical objections. Lawyers and courts are the constant subjects of criticism for the delays of criminal justice. The courts are bound to decide according to the law, antiquated though it is. The remedy is with the legislature. There are many technical rules of pleading binding on the courts that the legislature might well relax. The legislature can unfetter the administration of criminal justice from the shackles which still bind it. This case well illustrates how the courts, bound to follow the law as they find it, must sometimes sustain technical objections which might well be abolished. A defendant is constitutionally entitled "to demand the nature and cause of the accusation against him," and to "a speedy public trial by an impartial jury:" Constitution of Pennsylvania, art. I, § 9. As said in Com. v. Danner, 79 Pa. Superior Ct. 556, 558: "The policy of our law-makers and the courts is to do away with technical objections. All the defendant is entitled to is a fair trial. Before the trial, he should know what accusation he is to meet in order that he may prepare for it. When the transactions in which he is charged to have been the actor are described in the information, he must be prepared to answer such crimes as are involved therein." It is with these views in mind that we approach the consideration of this question.

1. There is no merit in the contention that this indictment is bad for duplicity. It specifically charges the embezzlement, abstraction or misapplication of moneys of the Commonwealth Trust Company with intent to injure and defraud that company and to deceive its president and the Bank Examiner of the Commonwealth of Pennsylvania. Of such an objection, it is said in Com. v. Kolb, 13 Pa. Superior Ct. 347, 353: "This objection arises only when unconnected acts, each of which is a distinct offence, are charged in the same count. But when the several acts charged are merely aspects or stages of one transaction, though each, when alone present, is an offence, it is not duplicity to charge them all. Thus, an assault, though of itself an offence, is but one stage of a battery, and merges in it if the battery be committed; hence, in such a case, both may properly be charged in one count."

So in this indictment, whether there was simply a misapplication and abstraction of certain moneys or an embezzlement, they are all aspects or stages of the one transaction.

2. The question of the variance between the information and the indictment is more serious. While the law is settled that the grand jury may indict for an offence warranted by the evidence (Com. v. Weber, 67 Pa. Superior Ct. 497), the indictment must be for an offence which the information advises the defendant he may have to meet. For instance, on an information charging larceny, the grand jury might indict for receiving stolen goods: Com. v. Danner, 79 Pa. Superior Ct. 556.

It is also well settled that an indictment need not conform precisely to the phraseology of the information (Com. v. Gouger, 21 Pa. Superior Ct. 217; Com. v. Campbell, 22 Pa. Superior Ct. 98), and it is not necessary that the information contain a full and specific statement of the offence: Com. v.

Commonwealth v. McLaughlin.

Carson, 166 Pa. 179; Com. v. Dingman, 26 Pa. Superior Ct. 615. The information need not be skillfully drawn. It need only charge the offence in common every-day language: Com. v. Miller, 77 Pa. Superior Ct. 469. But it is necessary that it contain the essential elements of the offence, and the indictment will be quashed where the information does not contain them, even though the indictment does: Com. v. Miller, 24 Dauphin Co. Reps. 204; Com. v. Edwards, 5 Luzerne Legal Reg. 192; Com. v. Herr, 19 Dist. R. 285; Com. v. Campbell, 22 Pa. Superior Ct. 98; Com. v. Loreman, 46 Pa. C. C. Reps. 250.

In Com. v. Herr, 19 Dist. R. 285, the information charged that the defendant "unlawfully and maliciously set fire to his dwelling-house." The indictment charged that he "did unlawfully set fire to and burn the same, and with the intention thereby to defraud a body politic or corporate," to wit, two insurance companies. Section 139 of the Act of March 31, 1860, P. L. 382, makes it an offence for one to burn or set fire to his own house with intent to defraud insurance companies. Because of the failure of the information to charge that the act was done with such intention the indictment was quashed.

In Com. v. Eshleman, 2 D. & C. 115, there was an indictment for abducting a child. Section 94 of the Act of March 31, 1860, P. L. 382, makes it an offence for any person to abduct a child "with intent to deprive the parents, or any other person having the lawful care or charge of such child, of the possession of such child." The indictment was quashed because of the failure to aver an intent to deprive the person having the right to the lawful possession of the child. Other illustrations of quashing indictments because of the variance between the information and the indictment are found in the cases of Com. v. Morningstar, 12 Pa. C. C. Reps. 34; Com. v. Burkholder, 21 Lanc. Law Rev. 118; Com. v. Lane, 20 Dauphin Co. Repr. 230; Com. v. Hastings, 43 Pa. C. C. Reps. 332; Com. v. Binkley, 16 Dist. R. 548.

The test is stated in the case of Com. v. Haines, 55 Pa. Superior Ct. 359, 361, as follows: "The only question to be considered is whether the written accusation which this defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment."

What was the crime for which the defendant gave bail? Manifestly, it was a common-law conspiracy to embezzle, abstract and wilfully misapply money. There was no reference in the information to any statute. But the defendant was indicted for an entirely different offence, namely, a violation of the Act of April 23, 1909, P. L. 169. Under that act, it is an offence to abstract moneys from a banking institution with an intent to deceive any officer of the institution or any bank examiner. Under that act, it would be an offence to misapply moneys of the institution for such purposes, even though the money was not embezzled under the common-law definition of embezzlement. Evidence which would be competent to convict of abstracting or misapplying funds with intent to deceive the president of the trust company and the bank examiner might be totally inadequate to convict of the common-law embezzlement charged in the information. So that, when the defendant gave bail to answer for a common-law embezzlement, he had no notice that he might be charged with abstracting moneys of the trust company for the purpose of deceiving the bank examiner. The mere fact that the defendant is described as an officer of the trust company, which brings him within the class of persons who are capable of committing the offence under the Act of 1909, makes him no less capable of committing the common-law embezzlement. Without prolonging this discussion, we are compelled to conclude, under the

Commonwealth v. McLaughlin.

principles we have enunciated, that the information does not contain the elements which are necessary ingredients of an offence under the Act of 1909, under which the defendant is indicted.

Now, July 18, 1927, the motion to quash the indictment is sustained.

From Homer L. Kreider, Harrisburg, Pa.