Commonwealth *v.* Williams, Appellant.

Argued December 10, 1934.

Be-
fore TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER and JAMES, JJ.

*Chas. W. Eaby,* for appellant.

*Paul A. Mueller,* District Attorney, and with him
*William B. Arnold,* Assistant District Attorney, for
appellee.

OPINION BY BALDRIGE, J., January 4, 1935:

This appellant was indicted with Arthur E. Camp-
bell, David C. Marburger and William T. Kline. The
indictments charged false pretense, conspiracy to com-
mit false pretense, violation of the election laws and
conspiracy to violate the election laws. A true bill
was found against Kline, Campbell and the appellant,
who were jointly indicted, and a true bill was found
also against Marburger, who was separately indicted.
The appellant was found guilty on the first two counts.

The facts relied upon by the Commonwealth have
been narrated in the opinion we have this day filed in

the case of Commonwealth v. Arthur E. Campbell, and it is unnecessary to repeat them here. The appellant contends that the evidence shows that the crime of false pretense had not been committed, that the indictment should have been quashed, and that the trial judge was guilty of basic errors in his charge to the jury. We have disposed of those several contentions in the Campbell case, and further discussion is, therefore, useless. There remains, however, for consideration the question not involved in that case—whether or not a person can be guilty of false pretense where he was not present at the time the alleged false pretenses were made by the others. Section 1 of the Act of June 3, 1893, P. L. 286, amending the Act of March 31, 1860, P. L. 382, §180 (18 PS §3671), provides, inter alia, as follows: "...... every person who shall counsel, aid or abet the commission of any misdemeanor punishable under any act of assembly of this Commonwealth for whom no punishment is provided, shall be liable to be proceeded against and punished as the principal offender."

A reference to the testimony in the Campbell case shows that the jury was fully justified in concluding that Williams was an original and active party to the alleged fraudulent transaction. After the contract was executed and arrangements were being made by Marburger with one Goehrig for the setting of the type, Williams guaranteed the payment of Goehrig's bill. He and Marburger took the type to the printing plant of Raymond E. Whitmore at New Holland, and Williams was present there practically all the time that the work was being done. He paid Whitmore for the use of the press, and it was to Williams that Campbell stated, after the contract had been awarded, that the wrong method had been used in getting the bid and that a different plan would be used for the next election. There was ample evidence for a jury to con-

clude that Williams knew all the details of this fraudulent transaction and that he was financially interested in the contract. It was not necessary for the Commonwealth, in such circumstances, to prove that he was present when the bid was submitted or when the contract was signed. His conduct conclusively brings him within the provisions of the statute above quoted.

Judgment affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.