## Commonwealth v. Michails

*E. C. Moon*, for Commonwealth.

*John M. McGill* and *T. C. Cochran*, for defendant.

ROWLEY, P. J., December 2, 1941.—This matter is before the court upon defendant's motion to quash an information made before a justice of the peace intended to charge defendant with the "reckless driving" of an automobile.

Defendant appeared before the justice of the peace, waived a hearing, and gave bond for appearance for trial before the judge of the Court of Quarter Sessions of Mercer County, Pa.

The instant information reads in part as follows:

"On the 16th day of March A. D. 1941, one Allen Michails of 25 Seneca St., Oil City, Pa., did unlawfully operate a motor vehicle bearing Pennsylvania Registration No. MV 920 upon State Street, a public highway in the city of Sharon, County of Mercer, and State of Pennsylvania, in violation of Section A, Subsection 1001 of the Act of the General Assembly of the State of Pennsylvania, approved May 1st, 1929, and amendments thereto, by operating a motor vehicle in a wantonly, careless and reckless manner, disregarding the rights and safety of other users of the highway so as to endanger lives or property. The charge is reckless driving."

Numerous cases have been considered by our common pleas courts which presented the question whether an information is sufficient which charges that a de-

fendant violated a specified section of a particular statute, without a direct averment that defendant committed the acts prohibited by the statute.

We think it may be said that an information which merely avers that a defendant violated the statute, followed by a quotation of the statute, is open to challenge. There must be a direct charge that defendant committed the acts which the law prohibits.

This is the distinction to be made between Commonwealth v. Bennett, 32 D. & C. 542, and Commonwealth v. Zellers, 34 D. & C. 43.

The instant case presents a different question. It cannot be argued that the present information fails to charge that defendant committed the prohibited acts, for it expressly avers that defendant wilfully or wantonly disregarded the safety of other users of the highway and endangered lives or property.

Undoubtedly, a criminal complaint must aver the essentials of the offense. These are included in the averments that defendant wilfully or wantonly disregarded the safety of others and endangered lives or property. We think it is not required that the particular acts which endangered life or property be set out. Such a requirement would call for a specification of the evidence relied upon to sustain the complaint. This the Commonwealth is never required to supply: Commonwealth v. Buccieri, 153 Pa. 535.

All the decisions of the common pleas courts upon the point being considered are collected in the splendid brief of defendant's learned counsel.

There is a direct conflict among them. Thus far the question has not been passed upon by an appellate court.

Defendant's counsel expresses the opinion that the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §261, which provides that an indictment shall be deemed sufficient which charges the crime substantially in the language of the act of assembly defining the offense, applies only to offenses defined in the Crimi-

nal Code of March 31, 1860, P. L. 382. Our courts have not so restricted the application of that statute. For example, in Commonwealth v. Price, 80 Pa. Superior Ct. 291, in considering an indictment for unlawful sale of intoxicating liquor, the court sustained the indictment, holding that it was drawn substantially in the language of the act prohibiting the offense.

See also Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559, where the indictment charged unlawful use of registration plates on a motor vehicle contrary to the Act of June 30, 1919, P. L. 678.

In the Price case the prohibiting statute was enacted a quarter of a century after adoption of the Criminal Code of 1860.

Adoption of a rule that an information intended to charge that the operator of a motor vehicle wilfully or wantonly endangered persons or property must detail the acts or omissions of the accused might in some instances produce an unwieldy information. In our opinion such a rule would amount to a requirement that the evidence be specified in the complaint. Such a requirement would be at variance with our decisions.

In Commonwealth v. Moller, 50 Pa. Superior Ct. 366, a summary conviction was reversed where the information charged defendant with "unlawfully operating and running a motor vehicle recklessly and at a greater speed than one mile in five minutes", the record merely stating that defendant was convicted of violating the act of assembly regulating the running and speed of motor vehicles. The Superior Court held that the information and record must show in what way the defendant acted recklessly. The court held that the recklessness charged was the operation at the speed named, which speed was less than the lawful rate. To constitute a charge of unlawful operation, it was said, circumstances must be set out which rendered the speed, otherwise lawful, unlawful under the particular conditions.

Counsel for defendant contends that the instant information contains three offenses and that defendant has no means of determining with which of the offenses he is charged.

That portion of section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, upon which the instant complaint is based, reads as follows:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

A reading of this section clearly indicates an error in punctuation which confuses the meaning. The gravamen of the offense is wilfully or wantonly endangering any person or property. It cannot be supposed that the legislature intended to make the "careless" operation of an automobile an offense. While we are accustomed to say there are no degrees of negligence, and that negligence is the failure to exercise the care required under the particular circumstances, we do, at times, use the terms "gross" negligence, "criminal" negligence, "culpable" negligence, etc. For example, the slaying of a person by operation of an automobile does not constitute involuntary manslaughter if the operator is merely negligent. (We have also a particular degree of negligence which renders one liable to a trespasser.) To constitute involuntary manslaughter a particular sort of negligence must be shown—negligence with an element of rash or reckless conduct. The word careless is not synonymous with reckless. The word "reckless" usually imports something more than "careless" or "negligent". It denotes rather "rashly negligent, utterly heedless" (Webster). The act which the legislature sought to penalize was not merely "careless" operation, but "rashly" careless or reckless op-

eration. Therefore, the legislature used the phrase "wilfully or wantonly disregarding the rights or safety of others", for the purpose of defining or explaining the type of negligence that was to be punishable.

To operate an automobile wilfully implies no misconduct. "Wilfully" means voluntarily, intentionally. The term "wilfully" has been so frequently used in the definition of a crime that we are likely to regard it as synonymous with "unlawful", yet it has no such import. Therefore, to say that one operated "carelessly and wilfully" simply amounts to a charge of careless operation. If the comma be placed after the word careless, we think the meaning is more apparent, i. e.:

"Any person who operates a vehicle upon a highway carelessly, and wilfully or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property," is guilty of reckless driving.

The term wantonly as used in the foregoing section of the act means committed with a reckless regard of the rights of others.

"To constitute wilful, wanton or gross negligence, there must be a realization, by the one guilty, of the possibility of the injury flowing from his act. . . . To be wilful the harm must have been intentionally inflicted, and to be wanton must have been committed with a reckless regard of the rights of others": Bowman v. Pennsylvania R. R., 299 Pa. 558, 567.

It is, therefore, evident that section 1001 of the act upon which the instant information is based was intended to penalize reckless driving, and to that end the legislature pointed out what should be included within the term "reckless driving". Referring to the statute the provision is:

"Reckless driving is unlawful, and, for the purpose of this act is construed to include the following:

"(a) Any person who drives any vehicle . . . upon a highway carelessly . . . in a manner so as to endanger any person or property."

There are countless instances where the careless operation of an automobile endangers persons or property, but it will not be seriously argued that in all such cases the operator is guilty of the offense of reckless driving. The offense is not made out by proof of negligence or carelessness only, but it must be shown that the operator wilfully or wantonly endangered a person or property.

In our opinion the quoted section of the statute describes a single offense, to wit, "wilfully or wantonly endangering any person or property", which by the terms of the act constitutes the offense of reckless driving.

By the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11: "Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime . . . so plainly that the nature of the offence charged may be easily understood by the jury."

It will be conceded that no stricter rule is to be applied to an information.

In the instant case it can scarcely be claimed either that the complaint is not substantially in the language of the act, or that the nature of the offense may not be easily understood from a reading of the information.

In Commonwealth v. Gelbert, 170 Pa. 426, 429, it was said:

" 'The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt, however sufficient such facts may be as prima facie evidence against him.' "

The law does not require that an indictment contain full and specific details as in a bill of particulars. If the crime charged is substantially in the language of the act of assembly it is sufficient. The question here is whether the information sets forth with the requisite certainty the essentials of the offense which it is de-

signed to charge: Commonwealth v. Campbell, 116 Pa. Superior Ct. 180.

"The only question to be considered is whether the written accusation which this defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment . . .": Commonwealth v. Haines, 55 Pa. Superior Ct. 359, 361.

"There is no doubt that the defendant upon scrutinizing the information before us knew what the unlawful act was with which he was charged, and was sufficiently informed that he might be put on trial for the crimes charged in the indictment": Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471; Commonwealth v. Grego, 116 Pa. Superior Ct. 295; Commonwealth v. Williams, 116 Pa. Superior Ct. 177.

The instant complaint clearly informs defendant of the unlawful act with which he is charged. It is not necessary, if indeed it is even proper, to set out the evidence relied upon to sustain the allegation: Commonwealth v. Gelbert, supra.

We are mindful that a contrary conclusion was reached by the court in Commonwealth v. Douglas, 31 D. & C. 234, in a case similar to the one before us. On the other hand Commonwealth v. Huth, 28 D. & C. 407, and Commonwealth v. Stiver, 32 D. & C. 319, support our conclusion.

In Commonwealth v. Harned, 25 D. & C. 578, 579, the information merely charged that defendant violated "sections 1001 and 1004 of The Vehicle Code of May 1, 1929, P. L. 905". Clearly such a complaint did not inform defendant of the offense with which he was charged. To identify the offense reference to the statute was necessary, as "no fact is stated from which it may be determined whether or not any offense was committed".

In Commonwealth v. Bennett, 32 D. & C. 542, the information charged that defendant did ". . . unlawfully operate a Ford truck bearing Penna. Reg. No.

T375E in violation of section 1003, Act 403 which reads as follows: [quoting the section]." The information did not charge that defendant did what the act prohibited except by implication.

The court there said (p. 546):

"Defendant is not charged with having done any acts, the doing of which would constitute an offense. Instead, he is charged with having violated a statute, and we are asked to conclude therefrom that he did the acts necessary to constitute a violation of that statute. The information contains a conclusion of law rather than an allegation of fact, and a conclusion of law is not proper in an information: Sadler on Criminal Procedure (1st ed.) sec. 211."

In the instant case the allegation is not merely that defendant violated a statute. It is expressly alleged that defendant "did unlawfully operate a motor vehicle—in violation of Section A, sub-section 1001—by operating a motor vehicle in a wantonly careless and reckless manner disregarding the rights and safety of other users of the highway, so as to endanger lives or property."

As thus drawn the complaint clearly apprises defendant of the unlawful act with which he is charged.

In Commonwealth v. Zellers, 34 D. & C. 43, Judge Sheely, who held the information insufficient in Commonwealth v. Bennett, supra, sustained an information which alleged that the defendant operated a certain motor vehicle " 'contrary to the provisions of The Vehicle Code [May 1, 1929, P. L. 905] of the Commonwealth of Pennsylvania, which states in part: [then follows the exact wording of section 1012 of the statute]". Judge Sheely says:

"This is the same form of information which we condemned in Commonwealth v. Bennett, 32 D. & C. 542. However, in the present information, after the recital of the statute, the following words appear: 'This the defendant failed to do . . .' "

In sustaining the information the court further said:
"The information in the present case does more than allege that defendant violated a certain section of the statute which would be a mere conclusion of law. It sets forth defendant's duty under the circumstances and then alleges that, 'This the defendant failed to do.' "

We conclude without hesitation that the instant information clearly informs defendant of the offense charged against him, and that it is therefore valid and sufficient in law.

### Order

And now, December 2, 1941, this matter came on for argument, and was argued by counsel and briefs submitted, whereupon, after due consideration, it is ordered, adjudged, and decreed that defendant's motion to quash the information be overruled.