## Commonwealth v. Stroeter

*William Coghlan*, district attorney, for Commonwealth.

*Clyde Holt, Sr.*, for defendant.

SOHN, J., March 25, 1948.—James M. Stroeter is charged with violation of section 1001 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. He waived hearing before the alderman. When the case was called for trial before the court of quarter sessions, counsel for defendant moved to quash the information, alleging that the information did not specify the manner in which defendant was alleged to have carelessly and wilfully operated the motor vehicle, or how he wantonly disregarded the rights or safety of others, or how he operated it in a manner so as to endanger any person or property. The information charges "that at 36th Street and Fourth Avenue, Beaver Falls, Pa., in the County of Beaver, Pennsylvania, on the 25th day of October, 1947, the defendant aforesaid did then and there on the above date did unlawfully. operate a motor vehicle, to-wit, bearing Pennsylvania Reg. No. 2041-Z over the highways of this Commonwealth. Defendant was guilty of violation of the provisions of Section 1001-Sub Sec. A of

Act 403 of the Pennsylvania Motor Vehicle Code in that on said date defendant did unlawfully operate a motor vehicle at 36th Street and Fourth Avenue, Beaver Falls, in Beaver County, Pa., by operating a motor vehicle carelessly, wilfully, and wantonly disregarding the rights and safety of others, and in a manner so as to endanger any person or property."

Counsel for defendant cites Commonwealth v. Douglas, 31 D. & C. 234, in support of his motion. We have reached the conclusion the motion should be denied. The only appellate court case we find is Commonwealth v. Moller, 50 Pa. Superior Ct. 366, in which the information charged the defendant with operating a vehicle at a greater speed than one mile in five minutes. This was a lawful rate of speed except in special circumstances. The conduct averred was not an offense except in special circumstances, which circumstances the prosecution failed to aver.

In disposing of defendant's motion, we rely on two opinions by President Judge Rowley, the first, Commonwealth v. Puff, 42 D. & C. 603, and the second, Commonwealth v. Michails, 43 D. & C. 221.

In Commonwealth v. Michails, supra, defendant was charged with reckless driving in substantially the same language as the charge in the instant case. Judge Rowley said in part:

"Adoption of a rule that an information intended to charge that the operator of a motor vehicle wilfully or wantonly endangered persons or property must detail the acts or omissions of the accused might in some instances produce an unwieldy information. In our opinion such a rule would amount to a requirement that the evidence be specified in the complaint. Such a requirement would be at variance with our decisions.

. . . . . . . .

"It is therefore evident that section 1001 of the act upon which the instant information is based was intended to penalize reckless driving, and to that end the

legislature pointed out what should be included within the term 'reckless driving'. Referring to the statute the provision is:

" 'Reckless driving is unlawful, and, for the purpose of this act is construed to include the following:

" '(a) Any person who drives any vehicle . . . upon a highway carelessly . . . in a manner so as to endanger any person or property.'

"There are countless instances where the careless operation of an automobile endangers persons or property, but it will not be seriously argued that in all such cases the operator is guilty of the offense of reckless driving. The offense is not made out by proof of negligence or carelessness only, but it must be shown that the operator wilfully or wantonly endangered a person or property.

"In our opinion the quoted section of the above statute describes a single offense, to wit, 'wilfully or wantonly endangering any person or property', which by the terms of the act constitutes the offense of reckless driving.

"By the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11: 'Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime . . . so plainly that the nature of the offense charged may be easily understood by the jury.'

"It will be conceded that no stricter rule is to be applied to an information.

"In the instant case it can scarcely be claimed either that the complaint is not substantially in the language of the act, or that the nature of the offense may not be easily understood from a reading of the information.

"In Commonwealth v. Gelbert, 170 Pa. 426, 429, it was said:

" 'The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt, however sufficient such facts may be as prima facie evidence against him.' .

"The law does not require that an indictment contain full and specific details as in a bill of particulars. If the crime charged is substantially in the language of the act of assembly it is sufficient. The question here is whether the information set forth with the requisite certainty the essentials of the offense which it is designed to charge: Commonwealth v. Campbell, 116 Pa. Superior Ct. 180.

" 'The only question to be considered is whether the written accusation which this defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment . . .': Commonwealth v. Haines, 55 Pa. Superior Ct. 359, 361.

" 'There is no doubt that the defendant upon scrutinizing the information before us knew what the unlawful act was with which he was charged, and was sufficiently informed that he might be put on trial for the crimes charged in the indictment': Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471; Commonwealth v. Grego, 116 Pa. Superior Ct. 295; Commonwealth v. Williams, 116 Pa. Superior Ct. 177.

"The instant complaint clearly informs defendant of the unlawful act with which he is charged. It is not necessary, if indeed it is even proper, to set out the evidence relied upon to sustain the allegation: Commonwealth v. Gelbert, supra.

"We are mindful that a contrary conclusion was reached by the court in Commonwealth v. Douglas, 31 D. & C. 234, in a case similar to the one before us. On the other hand, Commonwealth v. Huth, 28 D. & C. 407, and Commonwealth v. Stiver, 32 D. & C. 319, support our conclusion."

.   .   .   .   .   .   .   .

"In the instant case the allegation is not merely that defendant violated a statute. It is expressly alleged that defendant 'did unlawfully operate a motor vehicle —in violation of Section A, sub-section 1001—by operating a motor vehicle in a wantonly careless and reckless manner disregarding the rights and safety of other users of the highway, so as to endanger lives or property.'

"As thus drawn the complaint clearly apprises defendant of the unlawful act with which he is charged.

.   .   .   .   .   .   .   .

"We conclude without hesitation that the instant information clearly informs defendant of the offense charged against him, and that it is therefore valid and sufficient in law."

Defendant's motion to quash the information will therefore be overruled.

The prosecuting witness was very seriously injured when struck by a motor vehicle operated by defendant, on Fourth Avenue, near the intersection of Thirty-sixth Street, in the City of Beaver Falls, in this county. He evidently walked into the cartway of Fourth Avenue and proceeded to a point near the center of the street. At that point, he observed traffic approaching from his right. He stopped to permit this traffic to pass and evidently then observed defendant's automobile approaching from his left and while the testimony is not at all clear, it would seem that he then turned back toward the curb he had recently left, and he was then struck by defendant's automobile. How he came into contact with defendant's automobile is very conflicting even under his own testimony. The Commonwealth contends that the front of the automobile struck him, while defendant contends that he walked into the side of the automobile near the windshield. There were no other witnesses to the accident. The testimony of the injured man, both on direct examination and on

cross examination, was most confusing. On many occasions he contradicted statements previously made by him, and we are unable to determine with any certainty from his testimony just how the accident occurred. This is a criminal proceeding. The burden is on the Commonwealth to prove the guilt of defendant beyond any reasonable doubt. Under the testimony offered in this case, we are unable to reach a conclusion of guilt beyond any reasonable doubt. We therefore find defendant not guilty.

### Order

And now, to wit, March 25, 1948, defendant's motion to quash the information is overruled. Defendant is adjudged not guilty of the charge made against him; costs to be paid by the County of Beaver.