## Commonwealth v. Granito

*David G. Joyce*, District Attorney, for Commonwealth.

*A. D. Massi*, for defendant.

SALMON, J., August 26, 1974.—Defendant has moved to quash this indictment on the ground of vari-

ance from the complaint before the magistrate. The Commonwealth opposes the motion.

On April 29, 1974, a patrolman of the Ohioville Borough Police Department made and executed a complaint before George L. Shaffer, a district magistrate, which says:

"(2) The acts committed by the accused were: RESISTING ARREST—PA. MOTOR VEHICLE CODE. In that the above John F. Granito, did unlawfully then and there operate a Motorcycle bearing no registration plate resist a police officer in making an arrest or in the performance of his duty, by failing to produce operators license and registration card and driving away from the scene of the violation using obscene language and signs. All of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of Section 1216 of the Act of Pa. Vehicle Code."

Following preliminary hearing, the defendant was bound over for court and gave bond for his appearance. The grand jury has now indicted defendant as follows:

"The Grand Jury of Beaver County by this indictment presents that on or about the 28th day of April, 1974, JOHN F. GRANITO the Defendant above named, in the County aforesaid and within the jurisdiction of this Court, did unlawfully remove himself from official detention, to-wit remove himself from the presence of Patrolman Rudy Anusich, who was in the process of issuing a Motor Vehicle citation."

Section 1216 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1216, is as follows:

"Any person who, by force, menace, threat, or in any manner resists arrest for violation of any of the provisions of this act, or refuses to go with a peace

officer after an arrest has been made, or interferes with any peace officer in the performance of his duty under the provisions of this act, shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced to pay a fine of one hundred dollars ($100.00) and costs of prosecution, and, in default of the payment thereof, shall be imprisoned for not more than thirty (30) days, or suffer both such fine and imprisonment."

The indictment is laid in the language of section 521(a) of the Crimes Code of December 6, 1972, P. L. 1068, 18 C.P.S.A. §5121(a), which provides:

"A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or a limited period."

Violation of section 1216 of The Vehicle Code is a misdemeanor and carries a maximum penalty of $100 fine and 30 days imprisonment. The crime of escape under section 521(a) of the Crimes Code, in the circumstances of this case, is defined as a misdemeanor of the second degree, carrying maximum fine of $5,000 and imprisonment of two years.

It is stipulated by counsel in this case that the offense charged in the complaint and the offense charged in the indictment relate to the same fact situation. Thus, the sole question before us is one of law, namely: Does the action of the grand jury in indicting under the Crimes Code constitute a fatal variance from the complaint before the magistrate which charges a violation of the Vehicle Code?

Section 521(a) of the Crimes Code is derived from section 242.6 of the Proposed Official Draft of the Model Penal Code of the American Law Institute. The same appears as section 208.33 of Tentative

Draft No. 8 submitted to the institute in 1958. The official comments appear at page 132, etc., of the Reprint of Tentative Draft No. 8. It appears from the comment and from the language of the section that the drafters intended that "escape" include any unlawful removal from official detention. Official detention is defined as including "arrest."

Pennsylvania Rule of Criminal Procedure 213-(a)(5) provides:

"An indictment . . . shall be valid and sufficient in law if it contains:

". . .

"(5) a plain and concise statement of the essential elements of the offense *substantially the same as or cognate to the offense alleged in the complaint.*" (Emphasis supplied)

Upon comparison of the language of the complaint with the language of the indictment in the light of the stipulation of counsel above referred to, we have no difficulty in concluding that the offenses charged are not only cognate but identical. The gravamen or gist of each is that defendant was arrested for a motor vehicle violation and departed the custody of the officer before he was dismissed.

We observe that the above-quoted language of Pa. R. Crim. P. 213 is declarative of preexisting case law: Maginnis's Case, 269 Pa. 186 (1921); Commonwealth v. Danner, 79 Pa. Superior Ct. 556 (1922); Commonwealth v. Musto, 348 Pa. 300 (1944); Commonwealth v. Dunnick, 204 Pa. Superior Ct. 58 (1964); Commonwealth v. Schwartz, 56 D. & C. 2d 147, 157 (1972). In Commonwealth v. Musto, supra, the language of the complaint charged homicide without including the words "with malice aforethought." Subsequently, an indictment for murder was returned. Defendant moved to quash on the

ground he had been arrested only for manslaughter. The lower court denied the motion and the Supreme Court affirmed. We think the instant case is analogous.

However, it appears to us that the legislature has seen fit to provide a different penalty for escape from an arresting officer charging violation of The Vehicle Code from the penalty provided for escape by one arrested for violation under the Crimes Code. Our search reveals no repeal of section 1216 of The Vehicle Code. We thus have a general provision for the crime of escape in the Crimes Code and a special provision for the same offense while under arrest for violation of The Vehicle Code.

The Act of November 25, 1970, P. L. 707 (No. 230), as amended December 6, 1972 (No. 290), sec. 3, Title 1, Consol. Pa. Statutes, 1 Pa. S. §1933, which supersedes section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§501, et seq., now repealed, provides:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

We think there is no manifest intention by the General Assembly that the more recent Crimes Code was intended to prevail over section 1216 of The Vehicle Code. Such an intent could easily have been implemented by repealing section 1216 and this has not been done.

As appears above, the penalties under the Crimes Code are much more severe than under The Vehicle Code. The decision whether to prosecute under one statute or the other, with such serious penal differences, cannot be left to the whim of a police officer or a grand jury. To do so would constitute a violation of the constitutional guaranty of equal protection and might well raise other serious legal questions: Commonwealth v. Pollinger, 45 D. & C. 689 (1942); Commonwealth v. Bochak, 32 Beaver 93 (1972). We, therefore, conclude this defendant may be prosecuted only under section 1216 of The Vehicle Code.

We, therefore, treat defendant's motion to quash as a motion to amend, and shall direct the district attorney to amend this indictment to comply with the language of section 1216 of The Vehicle Code.

### ORDER

And now, August 26, 1974, for the reasons stated in the foregoing opinion, defendant's motion to quash is denied. It is further ordered that said motion be treated as a motion to amend the indictment and said motion is granted, and the district attorney is ordered to amend the indictment in this case to comply with section 1216 of The Vehicle Code of 1959, P. L. 58, 75 PS §1216.